THE STATE OF KANSAS v. M. M. YOUNG.

1. LICENSE; INTOXICATING LIQUORS; *Cities of Third Class; Repeal of Statutes.* Statutes are not considered to be repealed by implication unless the repugnancy between the provisions of the new and the former statutes is plain and irreconcilable. The statute authorizing cities of the third class to license the sale of intoxicating liquors, does not repeal the provisions of the dramshop act of 1868.

2. STATUTES, *In Pari Materia.* Different statutes relating to the same subject-matter are to be construed together.

3. CITIES OF THIRD CLASS; *License; Dramshop Act.* Cities of the third class have the power to license persons to sell intoxicating liquors within their limits, subject to a compliance with the provisions of the dramshop act of 1868.

4. ——— *Petition for License; Dramshop Act.* The presentation of a petition to the city council by a person applying for a dramshop license, as required by § 1 of the dramshop act of 1868, is an essential condition precedent to the validity of a license to sell intoxicating liquors within

the limits of a city of the third class. A license granted by the corporate authorities of a city of the third class in violation of the provisions of said act, is no protection to the licensee, and is null and void.

## Appeal from Chase District Court.

AT the November Term 1876 of the district court, *M. M. Young, L. C. Harrington,* and *Jacob Hornberger,* were severally tried and convicted for selling intoxicating liquors contrary to the provisions of the Dramshop Act, (ch. 35, Gen. Stat. 1868.) The cases were tried by the court without a jury. In each case the defendant admitted the selling of the liquor, but proved as a defense that the selling was done within the corporate limits of the city of Cottonwood Falls; that said city was duly incorporated as a city of the third class; that said city had an ordinance in force regulating tippling-shops;* that the defendant had fully complied with the conditions of said ordinance, and had received a license from the city council to keep a tippling-shop within the limits of said city. Motions in arrest of judgment, and for a new trial, were overruled. Judgment was rendered, fining each defendant $5, and costs. *Young* brings the case here by appeal. It was stipulated that the judgment of the supreme court should be the same in the other cases as in the *Young* case.

*Ruggles & Sterry,* for appellant.

*S. N. Wood,* county-attorney, for The State.

The opinion of the court was delivered by

HORTON, C. J.: The defendant was convicted of selling liquors in Cottonwood Falls, Chase county, contrary to the provisions of the dramshop act of 1868. The selling of the liquors was admitted, but defendant established on the trial that Cottonwood Falls was an incorporated city of the third class; that the city had an ordinance in force at the time of the commission of the acts alleged in the information, regu-

[*AN ordinance *"regulating* tippling-shops," is a singular feature in city government. Sec. 50 of the third-class city-charter act gives power to the council "to *restrain, prohibit* and *suppress,"* but not to "regulate," nor to *license* "tippling-shops." Nor does any statute authorize the licensing of "tippling-shops," by that name.—REPORTER.]

lating tippling-shops; that defendant had received a license from the city authorities to keep a tippling-shop within the city during the period of time within which it was admitted the defendant sold liquors, and that defendant complied with the conditions of the ordinance of the city relating to the sale of liquors. The ordinance makes no provision that the applicant for a license shall comply with the conditions of the dramshop act; neither did the defendant ever present to the city council the petition prescribed in § 1 of said act, or give the bond required by § 5 of the act.

The defendant appeals to this court to set aside the judgment of the court below; and counsel for the appellant claim " that by the passage of the ordinance as shown by the record, the city of Cottonwood Falls must be deemed to have acted under the power granted by § 50 of the third-class city-charter act, chapter 60, laws 1871, page 131; that this section gave it ample authority to pass the ordinance; that the defendant was protected by complying with its conditions, and therefore the judgment should be reversed." This court decided in the case of the *City of Salina v. Seitz*, 16 Kas. 143, that cities of the third class have the right to pass ordinances for the issuance of licenses upon certain terms and conditions to persons to sell intoxicating liquors; and hence, the first question presented, is, whether such power must be exercised in harmony with the provisions of the dramshop act, or whether cities of the third class may by ordinance, or otherwise, dispense with the conditions therein contained? In the case of *Alexander v. O'Donnell*, 12 Kas. 608, it is held, under ch. 100, laws 1872, p. 206, § 47, providing " the city council shall have exclusive authority to levy and collect a license-tax on saloons, liquor-sellers," etc., that " the dramshop act is operative within the territorial limits of cities of the second class. The charter does not in terms limit the operation of the dramshop act. Exclusive authority over the liquor question is not granted, but only exclusive authority to levy and collect licenses. The general law, in terms reaching to cities, prohibits a sale without license." No greater power is granted to cities of the

third class by § 50, ch. 60, laws of 1871, and § 48 of the same
chapter, as amended by § 2 of ch. 102, laws of 1872, as to
the authority to levy and collect a license-tax on saloons,
liquor-sellers, etc., than was bestowed on cities of the second
class by ch. 100, laws of 1872, p. 206, § 47. Nor can it be
said that the provisions of the dramshop act have been re-
pealed by the laws of 1871 or 1872 authorizing the incorpo-
ration of cities of the third class. The repeal of laws by
implication is not favored by courts, and there is no repug-
nancy between the provisions of the dramshop act and the
acts permitting cities of the third class to be incorporated.
It is urged by appellant's counsel, however, "that cities of
the third class may act under either power granted by § 50,
laws 1871, page 131, or by § 48, laws 1871, page 130, as
amended by § 2, laws 1872, page 234, or by the sections of
ch. 35, laws 1868, page 399; and that having acted under
one, they avoid the necessity of acting under either of the
others." We think this argument fallacious. It is well set-
tled, that different statutes relating to the same subject are
to be construed together. If it be conceded that the dram-
shop act is in force within the limits of incorporated cities
of the third class, then it follows, its provisions cannot be
disregarded. The various sections of the laws of 1871 and
1872, giving authority to cities of the third class to "levy
and collect a license-tax on saloons, liquor-sellers," etc., must
be construed in harmony with the provisions of the dramshop
act, and persons wishing to engage in the sale of intoxicating
liquors within the corporate limits of this class of cities must
fully comply with its provisions. The city of Cottonwood
Falls cannot act under one of the powers granted, and disre-
gard the others. There is no conflict between the statutes
referred to, and manifestly they stand together. Indeed, this
is made certain by the proviso to § 1 of the dramshop act of
1868, to the effect "that the corporate authorities of cities of
the first and second class, may by ordinance, dispense with
the petition mentioned in this section."

The final question to be considered is, whether the defend-

ant having obtained a license from the corporate authorities of Cottonwood Falls, without complying with the conditions of the dramshop act, is protected thereby from punishment for the offense charged in the information? The views already expressed lead to the conclusion that he is not. In the case of *Hartford Fire Ins. Co. v. The State*, 9 Kas. 210, this court held that a certificate of authority by the auditor of state to a foreign insurance company to do business in the state without the previous payment of fifty dollars required by the law, was a nullity. The late chief justice in the opinion states, "when the certificate of authority was issued, one of the vital conditions upon which it could be granted had not been complied with on the part of the plaintiff in error. It was a condition that neither the auditor nor any other officer could waive or dispense with. Because of the non-payment of this money, the certificate itself was void, and presented no defense to the action." We are therefore clearly of the opinion, upon authority and reason, that the presentation of a petition, as required by § 1 of the dramshop act of 1868, is an essential condition precedent to the validity of a license to sell intoxicating liquors, and that the license introduced in evidence gave no protection to Young. *Palmer v. Doney*, 2 Johns. Cases, 346; *Hauser v. The State*, 18 Ind. 106; *Townsend v. The State*, 2 Blackf. 151; *State v. Moore*, 1 Jones, (N. C.) 275; *House v. State*, 41 Miss. 737; *The State v. Fisher*, 33 Wis. 154; *The State, ex rel., v. Ludington*, 33 Wis. 107.

Counsel for appellant dwell with considerable stress upon the decision in the case of the *City of Emporia v. Volmer*, 12 Kas. 622, and claim, as the ordinance of Cottonwood Falls is a duplicate of the ordinance in force in Emporia upon which Volmer was convicted, a similar ruling in the action under review would protect the defendant, who had complied with the ordinance of the city in which the offense was committed. The conclusion is not tenable. Cottonwood Falls is a city of the *third* class; Emporia is a city of the *second* class; and the dramshop act expressly provides that a city of the second

class may by ordinance dispense with the petition mentioned in the first section of the act.  Like authority is not granted to cities of the third class.

The judgment is affirmed.

All the Justices concurring.