36 341
38 673
38 742

*In the Matter of the Petition of* J. L. WELLS *for a Writ of Habeas Corpus.*

1. SEWARD COUNTY, *in Twenty-fourth Judicial District.* Chapter 86 of the Laws of 1886 is the latest legislative expression regarding the status of Seward county for judicial purposes. By that act Seward county was made a part of the twenty-fourth judicial district; and the organization of the county which followed the passage of the act did not detach it from that district, but it will remain there until it is taken out by subsequent legislation.

2. ———— *Terms of Court; Jurisdiction; Notice.* The failure of the legislature to provide when regular terms of court shall be held in one of the counties embraced in a judicial district, does not defeat the jurisdiction of the judge of the district in that county, nor prevent the holding of courts therein. In such a case special terms of court may be held whenever it shall be deemed necessary by the judge of the district court, upon giving due notice when the special term is to be held.

*Original Proceedings in Habeas Corpus.*

PETITION for a writ of *habeas corpus*, filed in this court February 19, 1887. The opinion, filed at the April, 1887, session of the court, states the case.

*H. C. Finch*, and *Milton Brown*, for petitioners.

*Geo. R. Peck*, and *Robert Dunlap*, contra.

The opinion of the court was delivered by

JOHNSTON, J.: This is a proceeding in *habeas corpus*. The writ was issued upon the application of J. L. Wells, for the purpose of releasing T. A. Scates and W. W. Kimball from

imprisonment. They are county commissioners of Seward county, and are held under a warrant of commitment for contempt, issued by the judge of the twenty-fourth judicial district. The cause of their commitment is the alleged disobedience of a peremptory writ of mandamus allowed by the said judge, commanding them to convene with the other commissioner and canvass certain returns of an election held in Seward county on February 8, 1887. The jurisdiction of the judge committing the parties is questioned. It is claimed that Seward county forms a part of the sixteenth judicial district, and therefore that the judge of the twenty-fourth judicial district had no authority to issue the writ of mandamus, nor to punish the county commissioners for disobeying it. In 1881 the sixteenth judicial district was created, and Seward county was included within its limits. It was also provided that until organized, Seward and other counties should be attached to Ford county for judicial purposes, and when organized, that terms of court should be held therein at such times as the judge of the district should order. (Laws of 1881, ch. 99.) By § 2 of chapter 119 of the Laws of 1885, an attempt was made to attach the county of Seward to the county of Finney for judicial purposes, but this provision has been held invalid. (*In re Wood,* 34 Kas. 645.) By chapter 87 of the Laws of 1886, Seward county was effectually attached to Finney county for judicial purposes. This act was approved February 18, 1886, and went into effect February 19, 1886. At this session of the legislature the twenty-fourth judicial district was created, composed of the counties of Barber, Comanche, Clark, Meade, and the unorganized county of Kiowa. (Laws of 1886, ch. 121.) The county of Seward was not by this act included in or attached to the twenty-fourth judicial district, but it remained a part of the sixteenth judicial district until chapter 86 of the Laws of 1886 was enacted. Under the legislation last mentioned it was attached to Meade county for judicial purposes, the act being approved on the 20th day of February, 1886, and published the 26th day of February, 1886. This latter enactment is conceded to be valid, and it contains the latest

1. Seward county, in twenty-fourth judicial district.

expression of the legislature regarding the judicial status of Seward county. That being the case, the question of what district embraces Seward county is settled by the decision made in *Pelham v. Comm'rs of Finney Co.*, ante, p. 101; same case, 12 Pac. Rep. 557. It was there determined that when an unorganized county is attached to an organized county for judicial purposes, it thereafter constitutes a part of the judicial district which embraces the organized county. When Seward county was attached to Meade county, it was made a part of the twenty-fourth judicial district. Seward county was organized on June 17, 1886, but that organization did not operate to transfer it to the sixteenth judicial district, nor to repeal the law which placed it in the twenty-fourth. It is true that after the county was organized, it no longer formed a township of Meade county, nor could the officers of that county afterward exercise any power or control over the affairs of Seward county. But the organization did not disturb the boundaries of the twenty-fourth judicial district, nor detach the county of Seward therefrom. The statute placing the county in the district with Meade county was not a provisional one. It did not provide that the county should remain there until organized, and then that it should shift back into the sixteenth district, but it must remain in the district where it was placed by the legislature until it is taken out by subsequent legislation.

It has been suggested that this interpretation leads to difficulty, because the legislature has failed to specifically provide when regular terms of court shall be held in Seward county, but this failure does not defeat the jurisdiction of the judge, nor prevent the holding of courts in that county. By the general provision relating to courts, there must be a district court in each organized county. (Comp. Laws of 1879, ch. 28, §1.) In §4 of the act creating the twenty-fourth judicial district, it is provided that "the judge of the district herein named is hereby empowered to hold as many adjourned or special terms of court in either of the counties of the district as he may deem

2. Terms of court; jurisdiction; notice.

advisable." (Laws of 1886, ch. 121.) Then in §10 of chapter 28 of the Comp. Laws of 1879, there is a provision that judges of the district courts have the power to hold .such special and adjourned terms in any county of their districts as they may deem necessary, and it provides how and when the order calling the special term shall be issued and the method by which a jury may be obtained. In these provisions ample authority is given to the judge of the district to hold special terms of court in the county of Seward until such time as the legislature shall fix the time for holding regular terms therein.

No other question is raised in the briefs filed by counsel; and as Seward county is a part of the twenty-fourth judicial district, it follows that the judge of that district had the jurisdiction which he exercised; and therefore T. A. Scates and W. W. Kimball, in whose favor the writ was granted, must be remanded.

All the Justices concurring.