*In the matter of the Petition of* CHARLES HALL *for a writ of Habeas Corpus.*

1. LAWS *in Pari Materia, Construed Together.* Laws enacted by the same legislature about the same time and concerning the same subject-matter, being *in pari materia,* are to be taken and considered together in order to determine the legislative purpose and arrive at the true result.

2. GARFIELD COUNTY — *Regular Term of District Court.* Construing the provisions of the legislation relating to Garfield county, found in chapters 81, 132 and 142 of the Laws of 1887, by this rule, they provide that Garfield county should be attached to Hodgeman county for judicial purposes until organized, and no longer; after which time, regular terms of the district court should be held in Garfield county at the prescribed times.

*Original Proceedings in Habeas Corpus.*

PETITION for a writ of *habeas corpus,* filed in this court on January 19, 1888, by *Charles Hall,* the petitioner claiming that he was unlawfully imprisoned by Lewis Y. Thompson, sheriff of Garfield county. The case is stated in the opinion, filed at the session of the court in March, 1888.

*F. A. Hutts,* and *E. G. Hogan,* for petitioner.

*Thomas & Craig,* for defendant.

The opinion of the court was delivered by

JOHNSTON, J.: Charles Hall was apprehended on a charge
of having committed the offense of burglary, in Garfield county,
and upon a preliminary examination before a justice of the
peace of the same county he was held for trial at the next
term of the district court of Garfield county.    Failing to offer
sufficient bail for his appearance, he was committed, and from
this imprisonment he seeks relief by the writ of *habeas corpus.*
He alleges that his restraint is illegal because he was held to
answer in the district court of Garfield county, whereas he
claims he should have been committed for trial in the district
court of Hodgeman county.    The question in the case arises
from the legislation of 1887 respecting Garfield county.    By
chapter 81 of the Laws of 1887, Garfield county was created
and its boundaries defined.    In chapter 132 of the same vol-
ume provision was made for attaching, for judicial purposes,
certain unorganized counties to others that were organized, and
among the number Garfield was attached to Hodgeman.    In
chapter 142 of the same laws, the legislature provided that
regular terms of the district court should be held in the county
of Garfield on the first Tuesday of June and the fourth Tues-
day of September of each year.    These acts were approved by
the governor on the same day, namely, March 5, 1887.    The
act attaching Garfield county to Hodgeman for judicial pur-
poses provided for the repeal of all conflicting provisions, and
was published March 11, while the one fixing terms of court
in Garfield county was published one day earlier.    The peti-
tioner insists that the attaching act, chapter 132, is the latest
legislative expression, and repeals chapter 142, which fixed
the terms of court, and therefore that no term of court can be
held in Garfield county until the legislature specifically de-
taches that county from Hodgeman.

We cannot accede to this claim.    The mere publication in

the official state paper of one act a day later than the other act was published will not work a repeal of the former.; nor is the existence or operation of any of the acts dependent on the will of the publisher of such paper. These acts were enacted by the same legislature; the final action thereon was taken at the same time; they all relate to the same subject-matter, and being *in pari materia*, they should be read and examined together and treated as one law. When so construed, no repugnancy exists among them, and the legislative intent is not left in doubt. The legislature created the county by one act, and in another provided the method for its organization. Considerable time is required to effect the organization of a county, and while it was in an unorganized state it was necessary that the people resident in the county should be brought within the protection of the law, and hence it was provided that the county should be attached to Hodgeman for judicial purposes. It was evidently contemplated that organization would be effected before the convening of the next legislature, when it would be entitled to a court of its own, and therefore provision was made for holding regular terms of the district court in the county. It is the theory of our law that a district court shall be held in each and every organized county of the state. In the constitution it is provided that a clerk of the district court shall be elected in each organized county, and in the general provisions concerning courts it is enacted that there shall be a district court in each organized county. The legislature of 1887 proceeded upon the same theory in regard to Garfield county, by making provision for its judicial status in both an unorganized and organized state. The population and wealth of the county, and the existing sentiment respecting organization at the time legislation was had, doubtless indicated that organization would be early accomplished; and it was the right and duty of the legislature to make provision for this contingency. The county was organized in July, 1887, and the operation of the act respecting the holding of courts in the county was simply made dependent upon the contingency of organization. Even if no such act had

been passed, the general provisions relating to district courts afford sufficient authority for the holding of courts in the county after it was organized. (*In re Wells, Petitioner*, 36 Kas. 341.) There is no express repeal of either, nor any irreconcilable conflict between the acts; and construed together, they form a consistent law, and disclose the manifest intention of the legislature to provide that Garfield county should be attached to Hodgeman for judicial purposes until organized, and after which regular terms of the district court should be held within its limits at the prescribed time.

Our judgment must be a denial of the writ, and that the petitioner be remanded.

All the Justices concurring.