THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant,* v. THE BOARD OF RAILROAD COMMISSIONERS OF THE STATE OF KANSAS, *Appellee.*

No. 16,715.

SYLLABUS BY THE COURT.

1. RAILROADS—*Freight Terminals — Notice Required — Statutes Construed Together—Order Upheld.* Chapter 268 of the Laws of 1907 (Gen. Stat. 1909, §§ 7170, 7182, 7183, 7185, 7186, 7188, 7196, 7217, 7218, 7226, 7228), concerning railroads and common carriers, and chapter 271 of the Laws of 1907 (Gen. Stat. 1909, §§ 7246-7252), requiring railroad companies to provide freight terminal points and facilities, should be construed together as if they constituted a single act; and the provision in chapter 268, requiring the board of railroad commissioners

to give notice and a hearing to railroad companies before making an order against them, applies to the orders which the board may make in pursuance of chapter 271.

2. ——— *Statute Constitutional—Penalty for Failure to Obey Order of Commissioners.* Chapter 271 of the Laws of 1907 is not unconstitutional because it fails to make provision for notice to railroad companies before an order is made requiring them to provide freight depots and freight terminal facilities nor because of the penalty imposed for a failure to obey an order of that kind.

Appeal from Shawnee district court. Opinion filed July 7, 1911. Affirmed.

*B. P. Waggener,* for the appellant.

*John S. Dawson,* attorney-general, and *John Marshall,* for the appellee; *E. C. Little,* and *E. H. Hogueland,* of counsel.

The opinion of the court was delivered by

JOHNSTON, C. J.: This litigation originated in an order of the board of railroad commissioners requiring the Missouri Pacific Railway Company, as well as certain other railway companies, to construct proper freight depots and to maintain suitable freight terminal facilities at Kansas City, Kan., and Argentine, Kan., and to make and publish terminal rates to these points. It appears that the railway company was given due notice of the hearing at which the order was made and its representatives appeared and participated in that hearing. After the evidence was presented and arguments were made, the board found that traffic conditions warranted a requirement of freight terminal facilities at Kansas City and Argentine and the construction and maintenance of a freight depot. The order referred to was then made. The railroad company brought this action to enjoin the enforcement of the order and alleged the facts already recited. The board answered that the order was made in pursuance of the statute, and that the purpose was to enforce it;

and it further alleged that written notice of the hearing at which the order was made was given to the railroad company, and that in pursuance of the notice it was represented at the hearing by the legal and traffic departments of the company. The railroad company moved for judgment on the pleadings, and that being denied, it appealed.

It is contended on the appeal that the act (Laws 1907, ch. 271) in pursuance of which the order was made is unconstitutional and void. The principal ground of this contention is that no provision is made in the act for notice to the railway company. It is argued that by the terms of the act the board is authorized to proceed immediately upon the taking effect of the act to designate freight terminal points and to require the railway company to provide freight terminal facilities, without summons, notice, hearing, or anything having the semblance of due process of law.

The act, as may be seen, does not expressly provide that a hearing shall precede the order and that notice of the hearing shall be given the railway companies. It does provide, in section 4, that the board is empowered, upon application of any railroad company, and for good cause, to extend for a reasonable time the period within which depots and terminal facilities shall be constructed and completed. It is plausibly argued by appellee that the absence of a provision requiring the giving of notice to the railway companies is not material here, and that the objection is not available to appellant, since it was in fact given notice of a hearing, at which it appeared and contested the propriety of the contemplated order and the authority of the board to make it. In *Detroit &c. Ry. v. Osborn,* 189 U. S. 383, it was said in the syllabus, as reported in 23 Sup. Ct. Rep. 540:

"An objection that a state statute violates the federal constitution because it does not provide for notice to those who may be affected by it is not available to a

party who was in fact given notice and who at the hearing objected to the action proposed to be taken under such statute." (Syl. ¶ 3.)

It is also argued that as the right is given by the laws of the state to test the reasonableness and validity of the order after it is made and before its enforcement, the rights of the railway company are thereby protected and it is thus afforded due process of law. However, it is not necessary to place the decision on either of the grounds mentioned, as complete statutory authority for the giving of notice to the railway companies appears to have been provided by the legislature, and also that in pursuance of that authority notice was in fact given. In another act relating to the same general subject, which was passed at the same session of the legislature, provision was made for giving notice to railway companies in cases like the one under consideration. In section 4 of chapter 268 of the Laws of 1907 it is provided, among other things, that—

"Whenever in the judgment of the board of railroad commissioners it shall appear that any railroad corporation or other transportation company fails in any respect or particular to comply with the terms of its charter or the laws of the state, or whenever in their judgment any repairs are necessary upon its road, or any additions to its rolling stock, or any addition to or change of its stations or station houses, or any change in its rates for transporting passengers or freight, or any change in the mode of operating its road and conducting its business, is reasonable and expedient in order to promote the security, convenience and accommodation of the public, said commissioners shall inform such corporation of the improvements and changes which they deem to be proper by a notice thereof in writing, to be served by leaving a copy thereof, certified by the secretary of the board, with any station agent, clerk, treasurer, manager or any director of said corporation, which notice shall state the time within which said improvements or changes are required to be made; and if such orders are not complied with within the time stated in said notice, the attorney for the board shall forthwith file with the

commissioners a complaint in writing, praying for an investigation of said matter, which complaint shall be heard according to the provisions of this act as in other cases. Nothing in this section nor section 7 shall be construed as relieving any railroad company or other transportation corporation from their responsibility or liability for damage to person or property."

This section, which was practically contemporaneous with the act challenged, should be treated as *in pari materia*, and each should be construed as parts of a single system of laws governing and regulating railway corporations and the operation of railroads. This rule was applied in *In re Hall, Petitioner*, 38 Kan. 670, where it was said:

"Laws enacted by the same legislature about the same time and concerning the same subject matter, being *in pari materia*, are to be taken and considered together in order to determine the legislative purpose and arrive at the true result."    (Syl. ¶ 1.)

The same view was taken of the different acts relating to the sale and use of intoxicating liquors, where, in *The State v. Jepson*, 76 Kan. 644, it was said: "These various provisions, taken together, constitute the present prohibitory law of this state, and are to be considered and construed as if the entire enactment had occurred at the same time." (p. 648.)    In *The State v. Pauley*, 83 Kan. 456, two acts relating to high schools were viewed in the same light, and it was held that they "relate to the same subject, arise out of the same general situation, were designed to reach the same general end, and should be construed together as one law." (p. 461; see, also, *The State v. Young*, 17 Kan. 414; *Telegraph Co. v. Austin*, 67 Kan. 208; *The State v. Railway Co.*, 76 Kan. 467.)

There is nothing repugnant in the two acts and no reason why they should not be deemed parts of the same general system of laws enacted for the regulation and control of railroads. It was evidently the purpose of the legislature that before any steps should be

taken by the board to compel railroad companies to perform their duty to the public, or to obey the requirements of any statute, or the making of any changes or additions to its stations, or any change in the mode of operating its road or conducting its business, a notice should be given. It was as much the duty of the board to give the railway company notice, under section 4 of chapter 268 of the Laws of 1907, of the proposed order to add a depot and the required terminal facilities to its system, as if section 4 had been written into chapter 271 of the same Session Laws. The board did take the precaution to give the necessary notice, and therefore there is no ground for attacking either the statute or the order because of a lack of notice.

It is suggested that the act should be held invalid because of the penalties imposed. In section 5 of chapter 271 it is provided that the company shall forfeit to the state $1000 for every day it fails to observe an order of the board requiring the construction and maintenance of depots and terminal facilities within the time fixed by the board, and this is the only penalty involved in the proceeding. In other sections penalties are prescribed and liabilities declared for failure of a company and its officers to consign freight tendered by a shipper, but these have no application or bearing on the order under consideration. It having been determined that the railway company must be given notice and a hearing, before an order can be made in which the validity of the statute and the reasonableness and legality of the order may be tested and tried, the principal ground of this contention is removed. It can not be contended that the necessary effect of the act is to preclude a resort to the courts for the purpose of testing its validity, nor that the penalty is so drastic and severe that a party affected would be intimidated or feel constrained to submit rather than take the chances of challenging the legality of the action of the board. (*Tucker v. Railway Co.*, 82 Kan. 222.) It is competent

Jones v. Insurance Co.

for the state to impose such penalties as will tend to compel obedience to its laws and mandates, and especially to require the performance of such a primary duty as the provision of a depot and terminal facilities. Counsel for appellee suggest that the penalty does not appear to have great compelling force, as three years have elapsed since the order was made, and yet Kansas City, the largest city of the state, is without a freight depot, and the people are compelled to go into a city of another state in order to secure freight facilities. However that may be, it is clear that the statute can not be held invalid because of the penalty imposed.

The judgment of the district court is affirmed.