H. J. WILSON, *Appellee*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF EDWARDS, *Appellant*.

No. 17,436.

### SYLLABUS BY THE COURT.

FEES AND SALARIES—*Special Act Not Superseded by General Statute*. A general statute authorized clerks of the district court to retain all fees collected up to a certain amount, fixed according to population. This amount in counties ranging in population from 3000 to 10,000 was fixed at $900. Later a special act was passed allowing such officer in Edwards county, which was within that class, to retain fees to the extent of $600, and providing that if his collections fell short of that amount the county should make up the difference. Still later the general act was amended, and, as an incident to the amendment, reënacted, the only change being the addition of a provision that where the fees fell below the amount the clerk was allowed to retain, as therein regulated, the deficiency should be made up by the county. *Held*, that the special act was not superseded by the subsequent general act, but remained in force and limited the compensation of the clerk to $600.

Appeal from Edwards district court. Opinion filed July 7, 1911. Reversed.

*W. E. Broadie*, for the appellant.

*F. L. Slaughter*, and *M. A. Merten*, for the appellee.

The opinion of the court was delivered by

MASON, J.: In 1899 a general fee-and-salary act was passed which provided (Laws 1899, ch. 141, § 8; see Gen. Stat. 1909, § 3663), that clerks of the district court should charge and collect certain fees for their services; that if in any case the fees charged should amount to less than $500 a year, the county commissioners should allow a sum which in addition to the fees should not exceed $500, or, in counties of less than 2000 population, $350; that the clerks should retain all fees collected up to an amount dependent upon the popula-

tion, and one-half of any excess, paying the other half to the county treasurer. This stated amount, for counties having from 3000 to 10,000 inhabitants, was fixed at $900. The population of Edwards county was then, and has ever since been, between those limits.

In 1905 a special act was passed (Laws 1905, ch. 233, repealed by Laws 1911, ch. 195) entitled "An act regulating the fees of the district clerk of Edwards county, Kansas," reading as follows:

"The district clerk of Edwards county, Kansas, shall be allowed to retain out of the fees of his office such fees to the extent of six hundred dollars per annum, and when in any quarter the said fees amount to less than one hundred and fifty dollars, the board of county commissioners of said county shall pay to said clerk the difference between the fees collected and the said sum of one hundred and fifty dollars, as the salaries of other county officers are paid."

In 1909 the section of the general act of 1899 which related to clerks of the district court was amended, and, as an incident to the amendment, reënacted in full. No material change was made, except by the addition of a provision that "in all counties having a population of less than 25,000, if the fees collected for any quarter ending March 31, June 30, September 30 or December 31 shall amount to less than one-fourth the amount of such per annum maximum, then the board of county commissioners shall allow and pay the clerk of the district court in such county a sum which in addition to said fees shall make the amount of such maximum for said quarter, and the fees remaining charged and uncollected at the end of such quarter, when collected, shall be turned into and become a portion of the general fund of the county." (Laws 1909, ch. 140.)

H. J. Wilson was clerk of the district court of Edwards county in 1909. He claimed that the commissioners should allow him such sum as added to his fees would give him a total compensation at the rate of

$900 a year, according to the terms of the general law of 1909. The commissioners claimed that the special act of 1905 controlled and that his compensation was limited thereby to $600 a year. The controversy was submitted upon an agreed statement and a judgment was rendered in favor of the plaintiff. The county appeals.

A local act will ordinarily prevail over a subsequent general act in terms covering the same matter. This rule is one of construction and its value is as an aid to ascertaining the true legislative intent. (36 Cyc. 1087-1090.) It must, however, control here unless the circumstances indicate a purpose to supersede the special act. By the statute of 1899 the district clerk in Edwards county, so long as the population remained between 3000 and 10,000, was entitled to retain fees up to $900 a year; but however small his income from that source, the county could give him no relief beyond adding enough to bring his compensation up to $500. A number of special acts passed in 1901, 1903 and 1905 favored the clerks of certain district courts by requiring the counties to make them such allowances as should be necessary to bring their compensation up to a fixed sum. For instance, the clerk of the district court of Ottawa county was thus guaranteed compensation up to $800 a year, the general statute still entitling him to retain fees up to $1000 if such an amount should be collected. (Laws 1905, ch. 252.) If the special act under consideration had been of the same character, and had merely provided that the district clerk of Edwards county should be paid enough to insure him $600 a year, he would probably be entitled to the benefit of the amendment of 1909 in effect guaranteeing to district clerks the collection of fees up to the amount they were entitled to retain under the general law. But the special act went beyond this. It took Edwards county out of the operation of the general statute fixing the maximum amount of fees to be retained, as

regulated by population, and established such maximum amount at $600, irrespective of the number of inhabitants. The statute of 1909 made no change whatever with regard to the amount of fees that were to be retained by district clerks; it merely reënacted the old schedule, which, because of the special act, no longer affected Edwards county. This schedule, being the same in both acts, is deemed to have been in force all the time, and not to be a new enactment. (Gen. Stat. 1868, ch. 104, § 1, subdiv. 1, Gen. Stat. 1909, § 9037, subdiv. 1.) "An act which limits the operation of an earlier one is not repealed by implication by a reënactment of the original statute, incidental to its amendment in some other respect, but continues in force as a limitation upon the amended statute." (*The State v. Kansas City*, 83 Kan. 431, syl. ¶ 1; see, also, to the same effect, 36 Cyc. 1084.) The only new matter in the 1909 law was the provision requiring that (in counties of less than 25,000 population) the district clerks should be guaranteed an income equal to the maximum amount of fees they were allowed to retain. It did not purport to change the amount of the statutory maximum in any case. The general purpose was apparent of treating clerks of the district courts with greater liberality, but only by insuring them compensation up to the amount of fees they were authorized to retain. The legislature had already, at a time when it had unquestioned authority to do so, established a special maximum of $600 in the case of Edwards county, and no purpose to change this being shown the plaintiff must abide by it.

The judgment is therefore reversed and a judgment for the defendant ordered.

WEST, J. (dissenting): Section 8 of the act of 1899 (Laws 1899, ch. 141, § 8) specifically provided that the clerk of the district court "in the respective counties of this state shall charge," etc., and allowed the clerk in

any county of the state of more than 3000 and not more than 10,000 population to retain all fees collected up to $900 per annum. The act of 1905 (Laws 1905, ch. 233) applied to Edwards county only and allowed the district clerk to retain fees to the extent of $600, and required the county board to insure him that amount, whether collected or not. The act of 1909 (Laws 1909, ch. 140) simply amends section 8 of the act of 1899 and still has reference, as did the former act, to the clerk of the district court "in the respective counties in this state," making no exception whatever for any of the 105 counties. This provided expressly concerning the district clerk in the respective counties of the state that he might retain $900 per annum in a county of the population of Edwards, but materially changed the former enactments by providing that the county board should make one-fourth of this amount good each quarter instead of one-fourth of $600, thereby plainly increasing the salary of the Edwards county district clerk to an assured sum of $900.

The legislature had the same power respecting the district clerks of all the counties, and its attention having been directed to all of them and provision having been made for all of them by the later enactment, it is the later expression of the legislative will and necessarily repeals the former expression repugnant thereto. (*The State, ex rel., v. Studt,* 31 Kan. 245; *Aikman v. Edwards,* 55 Kan. 751, 764; *Howard v. Hulbert,* 63 Kan. 793.)