Shortall v. Huppe.

---

No. 20,650.

PATRICK T. SHORTALL, *Appellant,* v. J. A. HUPPE, *Appellee.*

SYLLABUS BY THE COURT.

JURISDICTION—*Change of Venue—From City Court to Country Justice of Peace—Statutes Construed.* A justice of the peace in a township in Wyandotte county, outside Kansas City township, has jurisdiction of an action taken before him on a change of venue from a city court of Kansas City township, under section 10 of chapter 107 of the Laws of 1897 (Gen. Stat. 1915, § 3221) ; and that section was not repealed by section 1 of chapter 93 of the Laws of 1899 (Jus. Civ. Code, § 1, Gen. Stat. 1915, § 7696.)

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed January 25, 1917. Affirmed.

*J. E. McFadden* and *O. Q. Claflin, jr.,* both of Kansas City, for the appellant.

*E. S. McAnany,* and *M. L. Alden,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff appeals from a judgment in favor of the defendant on an objection to the introduction of evidence under the plaintiff's petition.

The validity of the defendant's objection hinges on the jurisdiction of a justice of the peace of Quindaro township, in Wyandotte county, in a case taken to him on change of venue from one of the city courts of Kansas City township. The jurisdiction of the justice of the peace depends on the construction of section 10 of chapter 107 of the Laws of 1897 (Gen. Stat. 1915, § 3221), and of section 1 of chapter 93 of the Laws of 1899) Jus. Civ. Code, § 1, Gen. Stat. 1915, § 7696). Chapter 107 of the Laws of 1897 is a special act creating two city courts in Kansas City township, Wyandotte county. The material parts of section 10 of the act read:

"In any civil case brought in either of said courts, a change of venue may be taken to the court of the other district upon the application of either party. . . A change of venue may, in like manner, be taken from such other district to some justice of the peace of another township, upon payment of all costs as above provided; and a change of venue may be taken in the first instance to some justice of the peace of another township. . . . No other change of venue shall be taken by either party to the action."

Chapter 93 of the Laws of 1899 is a general act and fixes the territorial jurisdiction of justices of the peace. Section 1 of that act is an amendment of section 4847 of the General Statutes of 1889. That part of section 1 of the act material to the present controversy reads:

"The jurisdiction of justices of the peace in civil actions shall be co-extensive with the county wherein they may have been elected and wherein they shall reside; *provided, that, in any county in which a city court has been or shall be created, justices of the peace outside of the city wherein such court is located shall not have jurisdiction of cases in which any defendant resides in such city.*"

The amendment is in italics. Did that act, by implication,

repeal that part of section 10 of chapter 107 of the Laws of 1897 which provides for a change of venue from the city courts of Kansas City township to justices of the peace of another township in Wyandotte county? Three principles of statutory construction must be examined in order to answer this question correctly. In *Stephens v. Ballou,* 27 Kan. 594, this court said:

"If the provisions of the old act and of the new can be reconciled by any possible mode of interpretation or construction, if the old act and the new can both be given force and effect, according to their terms and under any circumstances, then it should never be held that one overturns and destroys the other, but both should be given full force and effect." (p. 601.)

(See, also, *The State v. Young,* 17 Kan. 414; *Keirsey v. Comm'rs of Labette Co.,* 30 Kan. 576, 579, 2 Pac. 864; *Kansas Breeze Co. v. Edwards,* 55 Kan. 630, 633, 40 Pac. 1004; *Hornaday v. The State,* 63 Kan. 499, 503, 65 Pac. 656; *Randall v. Butler County,* 65 Kan. 20, 22, 68 Pac. 1083; *Gilbert v. Craddock,* 67 Kan. 346, 352, 72 Pac. 869; and *Newman v. Lake,* 70 Kan. 848, 856, 79 Pac. 675.)

In 36 Cyc. 1090, the author says:

"When the provisions of a general law, applicable to the entire state, are repugnant to the provisions of a previously enacted special law, applicable in a particular locality only, the passage of such general law does not operate to modify or repeal the special law, either in whole or in part, unless such modification or repeal is provided for by express words, or arises by necessary implication."

(See, also, *The State v. Thomas,* 74 Kan. 360, 361, 369, 86 Pac. 499; *Wilson v. Edwards County,* 85 Kan. 422, 424, 116 Pac. 614; and *Bank v. Reilly,* 97 Kan. 817, 822, 156 Pac. 747.)

The legislature of 1899 established one city court in Atchison, one in Coffeyville, one in Fort Scott, one in Leavenworth, one in Topeka, and one in Wichita. The act creating the city court in Fort Scott provided that:

"In any civil case brought in said court a change of venue may be taken upon the application of either party, in the same manner as is provided by law for taking changes of venue for justices of the peace and courts of this state." (Laws 1899, ch. 127, § 10, repealed by Laws 1901, ch. 166.)

The act creating the city court of Topeka provides that:

"In any civil case brought in such court, a change of venue may be taken to a justice of the peace of another township for the same reason and in the same manner as now provided by law in cases before justices of the peace and upon payment of all costs which have accrued in the case prior to the filing of the affidavit for such change." (Laws 1899, ch. 129, § 12, Gen. Stat. 1915, § 3280.)

In the case of *In re Hall, Petitioner,* 38 Kan. 670, 17 Pac. 649, this court said:

"Laws enacted by the same legislature about the same time and concerning the same subject-matter, being *in pari materia,* are to be taken and considered together in order to determine the legislative purpose and arrive at the true result." (Syl. ¶ 1.)

(See, also, *The State v. Young,* 17 Kan. 414; *Telegraph Co. v. Austin,* 67 Kan. 208, 212, 72 Pac. 850; *The State v. Pauley,* 83 Kan. 456, 461, 112 Pac. 141; *Hibbard v. Barker,* 84 Kan., 848, 851, 115 Pac. 561; *Railway Co. v. Railway Commissioners,* 85 Kan. 229, 233, 116 Pac. 896; and 36 Cyc. 1086, 1151.)

Under these well-established rules of construction the acts of 1899, providing for change of venue from the city courts of Fort Scott and of Topeka, to justices of the peace outside those cities, and the act fixing the jurisdiction of justices of the peace in counties where city courts exist, must be construed together so as to give effect to each. When so construed, the act fixing the jurisdiction of justices of the peace has no application to jurisdiction acquired by a change of venue from the city court of Fort Scott or of Topeka. If this construction is applied to those parts of the acts of 1899 providing for a change of venue from the city court of Fort Scott or of Topeka, it necessarily follows that the same construction must be applied to that part of the act of 1897 providing for a change of venue from the city courts of Kansas City township to justices of the peace outside that township. It then follows that the justice of the peace of Quindaro township had jurisdiction of the cause by change of venue from Kansas City township, and that the defendant's objection to the introduction of evidence under the plaintiff's petition was rightly sustained.

The judgment is affirmed.

WEST, J., dissenting.