No. 24,293.

THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, *Appellant*, v. THE PUBLIC UTILITIES COMMISSION et al., *Appellees*.

SYLLABUS BY THE COURT.

1. RAILROADS—*Public Utilities Commission—Power to Direct Carrier to Build Siding to Elevator*. Under the evidence introduced, the trial court was justified in finding that a common carrier is not entitled to an injunction restraining the public utilities commission from enforcing an order made by it directing the carrier to build a siding to an elevator if the commission had jurisdiction to make the order.

2. SAME—*Order to Build Siding to Elevator—Order Not Unconstitutional*. The public utilities commission may make an order directing a railroad company to build a siding to an elevator, without depriving the company of its property without due process of law, or just compensation, or denying to it the equal protection of the law.

3. SAME—*Utilities Commission—No Jurisdiction to Order Siding Built to Elevator More Than One-fourth Mile from Way Station*. Under section 8341 of the General Statutes of 1915, the public utilities commission has jurisdiction to order a railroad company to build a side track on the application of taxpayers; but, under section 8547 of the General Statutes of 1915, the commission does not have jurisdiction to order a railroad company to build a siding to an elevator where the elevator is situated more than one-fourth mile away from any regular way station of the railroad.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed July 8, 1922. Reversed.

*Luther Burns,* and *J. E. DuMars,* both of Topeka, for the appellant.
*A. E. Helm, William A. Smith,* and *Randal C. Harvey,* all of Topeka, for the appellees; *Richard J. Hopkins,* attorney-general, of counsel.

The opinion of the court was delivered by

PORTER, J.: The plaintiff appeals from a judgment denying an injunction to restrain the defendants from carrying into effect an order made by the public utilities commission directing the plaintiff "to construct a siding to an elevator to be erected at Leoville, Kansas, the expense of the side track to be borne by the Chicago, Rock Island and Pacific Railroad Company with the exception of the grading which should be done by the citizens of Leoville, Kansas."

1. The plaintiff contends that "the order of the public utilities commission and the judgment of the court in refusing relief therefrom are contrary to the evidence and facts." This presents a question of fact. Leoville is a small village of about one hundred people, situated in an agricultural community producing wheat and cattle and other incidental farm products. By rail, Leoville is 2.77 miles southwest from the station at Dresden where there are also other railroad facilities, and by the public road is four and one-half miles from Dresden. Selden, another station on the Rock Island, where there are sidetracks and a station, is 6.53 miles southwest of Leoville. Part of the public highway from Leoville to Dresden is rough. There are stores, a church, a blacksmith shop, and a garage at Leoville. The people of that village receive their supplies largely through Dresden and ship their products from that place. There was evidence to justify the court in finding the facts on which was based the order refusing the relief asked by the plaintiff, if the commission had jurisdiction to make the order that was made by it.

2. Another proposition urged is that "the order of the public utilities commission is unreasonable, oppressive, arbitrary and unlawful and if enforced will interfere with the operation of appellant's railroad and trains and will be a direct burden on interstate commerce; it will deprive appellant of its property without due process of law and without just compensation and deny it the equal protection of the law, contrary to the constitution of the United States and of the state of Kansas." This court has in several instances passed on questions similar to the one now presented.

In *The State v. Railway Co.*, 76 Kan. 467, 92 Pac. 606, an order of the board of railroad commissioners, directing the Missouri Pacific railroad to operate separate passenger train service on the Madison branch of its railroad from the state line between Kansas and Missouri to Madison, was upheld.

In *The State v. Railway Co.*, 81 Kan. 430, 105 Pac. 704, an order was upheld directing the Parsons Street Railway and Electric Company to construct a subway under the tracks of the Missouri, Kansas and Texas Railway in the city of Parsons as the place where the street railway desired to cross the Missouri, Kansas, and Texas Railway Company's tracks.

In *Railway Company v. Railroad Commissioners*, 85 Kan. 229, 116 Pac. 896, this court upheld an order of the railroad commissioners directing the Missouri Pacific Railway Company to provide freight terminal points and facilities in Argentine and Kansas City, Kansas.

In *The State, ex rel., v. Railroad Companies*, 85 Kan. 649, 118 Pac. 872, the board of railroad commissioners had made an order directing the Chicago, Burlington & Quincy Railroad Company and the Chicago, Rock Island & Pacific Railway Company to build a connecting track at Norton or some convenient place. That order was upheld by this court.

The order of the public utilities commission in this case comes within the rules declared in these cases.

3. Another proposition argued is that "the public utilities commission was without jurisdiction to hear and determine the complaint upon which its order was made." This argument is based on the fact that section 8415 of the General Statutes of 1915 provides that an application for a sidetrack shall be made by the mayor and council of the interested city, or by the trustee of the township, and on the fact that, under section 8547 of the General Statutes of 1915, the public utilities commission had no authority to direct the plaintiff to build the siding to an elevator situated more than one-fourth of a mile from a regular way station on the plaintiff's road. The application to the public utilities commission in the present case was made by eighty-four persons, resident property owners of the community of Leoville. If it was necessary that the application for the sidetrack be made by the mayor and councilmen of the city or the trustee of the township, the public utilities commission did not have jurisdiction to make the order directing the construction of such an improvement. Section 8415 is a part of the old railroad-commissioner law. A different provision is found in section 8341 of the General Statutes of 1915, in part as follows:

"Upon a complaint in writing made against any common carrier . . . by any taxpayer . . . that any regulation, practice or act whatsoever af-

fecting or relating to any service performed or to be performed by such . . . common carrier for the public, is in any respect . . . unreasonably inefficient, insufficient, . . . or that any service performed or to be performed by such . . . common carrier for the public is unreasonably inadequate, inefficient, unduly insufficient or cannot be obtained, the commissioners shall proceed, with or without notice, to make such investigation as they may deem necessary."

In this case, the application to the public utilities commission asked that an order be made requiring the defendant to build a siding and a depot and that a building site for the purpose of erecting a grain elevator be granted on the siding. The complaint concerned the efficiency of the service rendered by the defendant to the public and gave the commission jurisdiction to inquire into the matters complained of and to make any proper order under section 8341. Under that statute, the commission had broad powers to hear complaints and make orders concerning the services rendered to the public by common carriers. But, another and later statute gives authority to the commission to order sidings built to elevators, as follows:

"Any person, firm or corporation desirous of erecting and operating, or who has erected a grain elevator for public use and convenience of not less than ten thousand bushels storage capacity or sheds for the handling of coal for public use and convenience, on lands adjacent to the right of way of any railroad company in this state, at or in the vicinity, and not to exceed more than one-fourth of a mile of any regular way station of such railroad, shall have the right to demand of such railroad company that it designate the location of a sidetrack over its right of way from the site of the said proposed elevator, or sheds, which it will agree to construct and connect with a switch, or with any sidetrack of such railroad at a point within a reasonable distance from such way station, and from the site of said proposed elevator, or sheds, and that it designate the terms and conditions upon which it will construct, maintain and operate such sidetrack after the erection and completion of said elevator, or sheds." (Gen. Stat. 1915, § 8547.)

This statute was passed in 1915; section 8341 was passed in 1911. If there is any antagonism between the two, section 8547 must control.

The order made by the public utilities commission was that the plaintiff construct a siding to an elevator which, the evidence discloses, was to be owned by a corporation or a joint stock company. The place named for the construction of the siding was more than two miles from a regular way station. The statute did not give the commission power to order a siding at any place more than one-

fourth of a mile from the regular way station. It follows that the commission did not have authority to order that a siding be constructed to the elevator that was afterwards to be built at Leoville.

The judgment is reversed, and the trial court is directed to enter judgment for the plaintiff.