No. 25,910.

Mike Cavlovic and Ivan Rahija, Officers of the Local Assembly No. 1 of the Saint Joseph National Croatian Beneficiary Association, *Appellees*, v. The Officers of the Supreme Legislative Body of Saint Joseph National Croatian Beneficiary Association et al., *Appellants*.

SYLLABUS BY THE COURT.

Injunction—*To Enjoin Merger of Fraternal Beneficiary Associations— Improper Parties Plaintiff*. A member of a fraternal beneficiary association organized under the laws of this state cannot maintain an action to enjoin the officers from effecting a consolidation or merger with another fraternal beneficiary association.

Appeal from Wyandotte district court, division No. 2; Frank D. Hutchings, Judge. Opinion filed January 10, 1925. Reversed.

*James M. Meek*, and *George R. Allen*, both of Kansas City, for the appellants.

*Jerome S. Koehler*, of Kansas City, for the appellees.

The opinion of the court was delivered by

Marshall, J.: The defendants appeal from a judgment enjoining them from merging and consolidating the Saint Joseph National Croatian Beneficiary Association with the National Croatian Society of Pennsylvania, or any other fraternal insurance association, until the defendant officers have complied with the statutes of the state of Kansas and submitted the merging or consolidating proposition to the members of the National Croatian Beneficiary Association for their approval, and enjoining the defendant banks from honoring any check or draft drawn in favor of the National Croatian

Society of Pennsylvania, or any other fraternal insurance corporation, for the purpose of consolidation or merger.

The Saint Joseph National Croatian Beneficiary Association is organized under the laws of this state. The plaintiffs are members of the association, some of the defendants are officers of the association, and the other defendants are banks in which funds of the association are deposited. The proposition to merge or consolidate has not been submitted to the members of the association for their approval.

The plaintiffs contend that section 40-721 of the Revised Statutes has not been complied with because the contract between the officers of the Saint Joseph National Croatian Beneficiary Association and the National Croatian Society of Pennsylvania has not been submitted to the members of the association for approval, and has not been approved by a majority of its members. Section 40-721 provides that the contract of merger "shall provide for its ratification by an affirmative vote of the majority of the members of the supreme legislative body of such organizations, to be sent, in writing, to the principal office and there counted by the managing board of said organization; or by any affirmative vote of a majority of the members of the supreme legislative body of such organization, assembled in regular or special session, and by an affirmative vote of a majority of the beneficiary members of such organization voting upon said proposition."

The defendants contend that, even if they are not complying with the law, the plaintiffs do not have authority to prosecute this action.

The plaintiffs cite section 60-413 of the Revised Statutes which reads:

"When the question is one of common or general interest of many persons, or when the parties are very numerous, and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

The defendants rely on section 40-716 of the Revised Statutes, which in part reads:

"Any association authorized to do business under this act . . . which shall fail to comply with any of the provisions of this act shall be excluded from doing business within this state. . . . No injunction shall be granted by any court in this state against any association authorized to do business under this act, except on application of the attorney-general, at the request of the superintendent of insurance."

Section 60-413 of the Revised Statutes first appeared in our law in the General Statutes of 1868 as section 38 of the code of civil

procedure, and has remained in the statutes continuously since that time. Section 40-716 first appeared in the laws of this state as section 13 of chapter 23 of the Laws of 1898.

Chapter 23 of the Laws of 1898 was an act "providing for the organization and regulation of fraternal beneficiary societies, orders, and associations, and to provide penalties for violation thereof." In section 1 the act declared that "a fraternal beneficiary association is hereby declared to be a corporation, society or voluntary association formed or organized and carried on for the sole benefit of its members and their beneficiaries, and not for profit." That section appears as section 40-701 of the Revised Statutes, but it has been amended since it was first enacted. Section 2 of chapter 23 of the Laws of 1898 provided that—

"All such associations coming within the description as set forth in section 1 of this act, organized under the laws of this or any other state, province, or territory, and now doing business in this state, may continue such business, provided that they shall show to the satisfaction of the superintendent of insurance that their plan of organization is in keeping with section 1 of this act. All such societies shall hereafter be governed by this act."

The remainder of the act provided the details governing fraternal beneficiary associations.

In 1913 the legislature passed chapter 210 of the Laws of that year, section 2 of which appears as section 40-721 of the Revised Statutes. That act provided for the consolidation and merger of fraternal beneficiary societies, was an addition to the law governing such societies, became a part of that law the same as if it had been enacted by chapter 23 of the Laws of 1898, and must be construed with it. A violation of any of the provisions of section 40-721 can be prevented only in accordance with section 40-716 of the Revised Statutes. The Saint Joseph National Croatian Beneficiary Association is an organization governed by the provisions of section 40-716 of the Revised Statutes, and the last sentence of that section applies to that organization.

The statute prohibiting injunctions against such associations, except on the application of the attorney-general, was under consideration in *Albach v. Fraternal Aid Union*, 100 Kan. 511, 164 Pac. 1065, where this court said:

"A fraternal insurance corporation of Kansas and a fraternal insurance corporation of Colorado effected a merger pursuant to the statutes of Kansas and Colorado, under the supervision of the insurance departments of both states and with their approval. Certain members and insurance certificate holders of the Kansas corporation filed an action charging irregularities, fraud, etc.,

in bringing about the merger, praying for the appointment of a receiver and for a segregation of the assets and affairs of the merged corporations, and to restore the independence of the Kansas corporation. *Held,* that where there is no powerful and peculiar equity involved, an action of such gravity can only be commenced in the name of the state on the relation of its responsible legal representative, and that the plaintiffs as private individuals cannot maintain it." (Syl. ¶ 2.)

Section 40-716 of the Revised Statutes and section 60-413 do not concern the same subject. One concerns the code of civil procedure and is general in its nature, covering all fields. The other concerns only fraternal beneficiary associations and societies, and is special or particular in nature. One rule of statutory construction is that where a statute of a general nature and one of a special or particular nature conflict, the latter should be followed. (36 Cyc. 1087; 25 R. C. L. 1010; *The State v. Thomas,* 74 Kan. 360, 370, 86 Pac. 499; *Wilson v. Edwards County,* 85 Kan. 422, 116 Pac. 614; *Shortall v. Huppe,* 99 Kan. 639, 641, 162 Pac. 319.) Another rule of statutory construction is that where a later act of the legislature is in irreconcilable conflict with the former one, the later act will control. (*Topeka v. McCabe,* 79 Kan. 329, 99 Pac. 602; *Hicks v. Davis,* 97 Kan. 312, 318, 154 Pac. 1030; *The State, ex rel., v. City of Wichita,* 100 Kan. 399, 406, 164 Pac. 290.) If there is any conflict between section 40-716 and section 60-413, the former must prevail against the latter because the former is special or particular in its nature and is the last expression of the legislature.

The language of the statute, the rules of statutory construction, and the construction placed on section 40-716 in *Albach v. Fraternal Aid Union,* supra, denies to plaintiffs the right to maintain this action.

The judgment is reversed, and judgment is entered for the defendants.