No. 25,988.

PETER LITHAS, *Appellant*, v. GEORGE W. MARBLE, *Appellee*.

SYLLABUS BY THE COURT.

JUSTICES OF THE PEACE—*Civil Jurisdiction—Attaching Property of Nonresident.* A justice of the peace has jurisdiction to cause property in his county to be attached although the defendant cannot be served with summons in that county and resides in another county in this state.

Appeal from Bourbon district court; EDWARD C. GATES, judge. Opinion filed June 6, 1925. Affirmed.

*Harry W. Fisher,* of Fort Scott, for the appellant.

*James G. Sheppard,* of Fort Scott, and *Charles F. Newman,* of Springfield, Mo., for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sued to recover damages for the wrongful attachment of personal property and to enjoin the sale of that property. Judgment was rendered in favor of the defendant, and the plaintiff appeals.

This case turns on the jurisdiction of a justice of the peace to attach property in his county where the defendant is a resident of another county and is not served with summons, but is served by publication notice under section 61-408 of the Revised Statutes. That section reads:

"If the order of attachment is made to accompany the summons, a copy thereof and the summons shall be served upon the defendant in the usual manner for the service of summons, if the same can be done within the county; and when any property of the defendant has been taken under the order of attachment, and it shall appear that the summons issued in the action has not been and cannot be served on the defendant in the county

in the manner prescribed by law, the justice of the peace shall continue the cause for a period not less than thirty or more than fifty days; whereupon the plaintiff shall proceed for three consecutive weeks to publish in some newspaper printed in the county, or if none be printed therein, then in some newspaper of general circulation in said county, a notice stating the names of the parties, the time when, by what justice of the peace, and for what sum said order was issued, and the time when the cause will be heard, and shall make proof of such publication to the justice; and thereupon said action shall be proceeded with the same as if said summons had been duly served."

The plaintiff cites section 60-509, which provides that actions for the recovery of money must be brought in the county in which the defendant or some one of the defendants reside or may be summoned. The plaintiff also cites *Ludvickson v. Bank*, 105 Kan. 225, 182 Pac. 396, where it was held that garnishment proceedings before a justice of the peace were void in an action against a nonresident of the county where no service of summons had been made and the defendant has never been in the county. The decision in that case was based on the last part of section 61-429 of the Revised Statutes, which reads:

"No garnishee summons shall be issued in any case in which the defendant is a resident of the state of Kansas, unless the action be brought in the county in which the defendant at the time resides or wherein personal service of summons may be made upon him."

That part of the statute was added in 1901, was an amendment to the old garnishment law, and was passed to prohibit a practice that had sprung up in this state of garnisheeing wages of railroad men in counties other than those of their residence. The amendment tends to show that previous thereto such practice in garnishment cases before a justice of the peace was considered valid.

Section 61-101 should be examined. It provides that:

"The jurisdiction of justices of the peace in civil actions shall be coextensive with the county wherein they may have been elected, and wherein they shall reside."

That section does not prohibit a justice of the peace from entertaining an action commenced before him in his county against a person in another county, where property in the county of the residence of the justice of the peace is attached and brought within the jurisdiction of the court.

Section 60-509 is a part of the code of civil procedure and governs in all actions unless otherwise provided. Section 61-401 gives to justices of the peace power to issue orders of attachment, and sec-

tion 61-408 prescribes the manner in which the defendant must be notified when his property is attached, and he cannot be served with summons in the county in which the property is situated. Section 60-509 gives the general rule; section 61-408 provides a rule for particular cases. If section 60-509 controls in all cases, including those before justices of the peace, it prevents such a proceeding as the questioned one; section 61-408 allows such a proceeding unless it is prohibited by section 60-509. Both statutes, so far as this case is concerned, have been in operation since 1868.

In 36 Cyc. 1151 it is said:

"Where there is one statute dealing with a subject in general and comprehensive terms and another dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy; but to the extent of any necessary repugnancy between them, the special will prevail over the general statute."

In *Cavlovic et al. v. Croatian Beneficiary Association,* 117 Kan. 545, 548, 232 Pac. 598, this court said:

"Section 40-716 of the Revised Statutes and section 60-413 do not concern the same subject. One concerns the code of civil procedure and is general in its nature, covering all fields. The other concerns only fraternal beneficiary associations and societies, and is special or particular in nature. One rule of statutory construction is that where a statute of a general nature and one of a special or particular nature conflict, the latter should be followed. (36 Cyc. 1087; 25 R. C. L. 1010; *The State v. Thomas,* 74 Kan. 360, 370, 86 Pac. 499; *Wilson v. Edwards County,* 85 Kan. 422, 116 Pac. 614; *Shortall v. Huppe,* 99 Kan. 639, 641, 162 Pac. 319.) Another rule of statutory construction is that where a later act of the legislature is in irreconcilable conflict with the former one, the later act will control. (*Topeka v. McCabe,* 79 Kan. 329, 99 Pac. 602; *Hicks v. Davis,* 97 Kan. 312, 318, 154 Pac. 1030; *The State, ex rel., v. City of Wichita,* 100 Kan. 399, 406, 164 Pac. 290.) If there is any conflict between section 40-716 and section 60-413, the former must prevail against the latter, because the former is special or particular in its nature and is the last expression of the legislature."

Following this rule of statutory construction, section 61-408 gives to a justice of the peace jurisdiction to cause property in his county to be attached, where the defendant has property in that county, although he resides in another county and cannot be served with summons in the county in which the property is attached.

The judgment is affirmed.