No. 29,294.

FRANK REISING, *Appellant*, v. THE FRATERNAL AID UNION, JOSEPH N. DOLLEY, WILLIAM C. HARTRAY, SAMUEL S. BATY, MARTIN MILLER, THOMAS J. SWEENEY, SAMUEL L. KERN and JOHN HASSELBERGER, *Appellees*.

(287 Pac. 270.)

Opinion filed May 3, 1930.

*A. B. Mitchell,* of Lawrence, *J. H. Brady,* of Kansas City, and *H. M. Waring,* of Omaha, Neb., for the appellant.

*George R. Allen, Richard F. Allen,* both of Topeka, and *F. M. Pearl,* of Hiawatha, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an action by a member of a fraternal insurance society alleging mismanagement, abuse and actions by the directors and officers of the society beyond the authority conferred upon them by law, or the charter, causing and calculated to result

in serious injury to the society, and alleging that the board of directors and acting managers and officers were acting in their own interests in misappropriation of corporate funds. It was specifically charged that throughout the years from 1914 to July, 1925, certain officers and members of the advisory board were paid salaries, or per diem, without such salaries having been fixed by the governing body of the association, as provided by chapter 231 of the Laws of 1927, § 40-705. The plaintiff seeks an accounting of the money alleged to have been wrongfully and illegally paid to the individual defendants named and for judgment that they pay and return the same to the society. The trial court sustained a demurrer to plaintiff's petition, and he has appealed.

Our statute relating to fraternal benefit societies (R. S. 40-716, as amended by chapter 231 of the Laws of 1927, § 40-713) provides, in substance, that when such a society, or its officers, shall exceed its powers, or conduct its business fraudulently, or fail to comply with any of the provisions of the statute relating to such society, and such acts come to the knowledge of the commissioner of insurance, he may investigate the society and exclude it from doing business in the state if defects found to exist are not corrected, and on his request an appropriate action shall be brought by the attorney-general, and that no injunction will be granted or receiver appointed by any court against such society except on application of the attorney-general at the request of the commissioner of insurance. The gist of plaintiff's complaint is that the officers of the society exceeded their powers and failed to comply with the provisions of the statute relating to such society.

In previous actions in this court it has been held that a member of a fraternal beneficiary society cannot maintain an action such as this; that all power to maintain suits of this character is withdrawn from such members and placed in the commissioner of insurance and attorney-general. (*Albach v. Fraternal Aid Union,* 100 Kan. 511, 164 Pac. 1065; *Cavlovic et al. v. Croatian Beneficiary Association,* 117 Kan. 545, 232 Pac. 598; *Cavlovic v. Baker et al.,* 118 Kan. 412, 234 Pac. 1009.) The holding of the federal court construing this statute is to the same effect. (*Soptich v. St. Joseph Nat. Croatian Beneficiary Ass'n,* 34 Fed. [2d] 566.)

Appellant cites *Haynes v. Fraternal Aid Union,* 34 Fed. (2d) 305, where in a similar action a motion to dismiss the bill was overruled

in so far as it asked for an accounting; but on an answer being filed, alleging that the matters complained of had been approved by the insurance department of the state, and also authorized and approved by the supreme lodge of the society, the motion of defendant for judgment on the pleadings was sustained by an order of December 24, 1929.

Appellants cite and rely on *Folts v. Globe Life Ins. Co.*, 117 Neb. 723. Without reviewing that case in detail it is sufficient to say that it involves an entirely different question. Moreover, the record disclosed that the procedure complained of in the action had been submitted to and approved by the insurance department and attorney-general of the state. In this case there is no allegation that any complaint had ever been made to the insurance department or attorney-general of this state of the alleged irregularities sought to be corrected by this action.

The trial court correctly held that the plaintiff had no capacity to maintain this action, and its judgment is affirmed.