No. 23,707.

FRANKLIN TOWNSHIP, *Appellee*, v. TESSA E. ABEL, as Treasurer of Jackson County, *Appellant*.

### SYLLABUS BY THE COURT.

COUNTY BRIDGE—*Situate on Township Road—Repairs at County Expense— Construction of Statute*. The provision of the bridge act of 1917 requiring all bridges built wholly or in part at the cost of the county to be maintained at county expense relieved the township from liability for repairs to such a bridge although located on a township road, notwithstanding another section of the same act provided that the township should pay for the construction or repair of any bridge on a township road the estimated cost of which did not exceed $300; and the reënactment of the latter provision in 1917 incident to an amendment changing that amount to $600 did not repeal by implication the provision first referred to.

Appeal from Jackson district court; MARTIN A. BENDER, judge. Opinion filed October 7, 1922. Affirmed.

*F. W. Hobbs,* and *E. D. Woodburn,* both of Holton, for the appellant.

*E. R. Sloan,* of Holton, for the appellee.

The opinion of the court was delivered by

MASON, J.: A bridge on a township road was repaired under the direction of the county commissioners at a cost of $221.90. The county treasurer by direction of the commissioners transferred this amount to the county from funds of the township in his hands. The township brought mandamus against the county treasurer to require him to retransfer such sum to the credit of the township. The case was submitted on an agreed statement, one provision of which was that it should be determined upon the issue of the township's liability for the cost of the repairs, regardless of any question concerning the manner of enforcing its obligation if it existed. Judgment was rendered in favor of the plaintiff, and the defendant appeals.

The bridge was originally built by the county at its own expense and was and is what is designated by the statute as a county bridge, although situated on a township road. The plaintiff relies upon the following section of the bridge act of 1917:

"That all bridges or culverts built in this state at county expense, or for which the county has granted aid, shall be known as 'county bridges' or 'county culverts,' and shall be maintained thereafter under the direction of the county board and the county engineer at county expense. All bridges or culverts on

township roads built at the expense of the several townships without county
aid shall be known as 'township bridges' and 'township culverts,' and shall be
maintained thereafter under the direction of the township board and the
county engineer at township expense." (Laws 1917, ch. 80, § 7.)

Another section of the same statute as enacted at that time read
as follows:

"That whenever it is necessary to construct or repair any bridge or culvert
on a township road in any county of this state, the county engineer's estimated
cost of which will not exceed three hundred dollars ($300), the township board
of highway commissioners of the township in which such bridge or culvert is
located shall appropriate from the road fund of such township a sum sufficient
to meet the entire expenses of the proposed work, and the township board shall
make all contracts for labor, material and other necessary expenses for such
construction or repair in the manner provided in this act, and when the county
engineer's estimated cost of such work exceeds the sum of three hundred dol-
lars ($300) and is less than $10,000 the county board shall make an appropria-
tion from the county bridge fund and shall proceed in the same manner as
provided in this act." (Laws 1917, ch. 80, § 4.)

To give force to both these provisions it must be held that section
4 establishes the general rule making townships liable for construc-
tion or repairs to bridges on township roads costing not more than
$300, while section 7 makes an exception relieving the township from
the maintenance of *all* bridges built in whole or in part at county ex-
pense, the result being to exempt the township from liability in such
a case as the present. The county does not controvert this, but con-
tends that the situation is changed by a later enactment incidental
to an amendment of section 4 made in 1919, the amended section
reading:

"That section 4 of chapter 80, Laws of 1917, be amended to read as follows:
Sec. 4. That whenever it is necessary to construct or repair any bridge or cul-
vert on a township road in any county of this state, the county engineer's esti-
mated cost of which will not exceed six hundred dollars ($600), the township
board of highway commissioners of the township in which such bridge or cul-
vert is located shall appropriate from the road fund [of] such township a sum
sufficient to meet the entire expenses of the proposed work, and the township
board shall make all contracts for labor, material and other necessary expenses
for such construction or repair in the manner provided in this act, and when
the county engineer's estimated cost of such work exceeds the sum of six hun-
dred dollars ($600) the county board shall make an appropriation from the
county bridge fund and shall proceed in the same manner as provided in this
act: *Provided further,* That the township board of highway commissioners
shall assist in the construction of all bridges on township roads to the extent
of $400; the entire construction to be in charge of the county engineer. When

Franklin Township v. County Treasurer.

any county has elected to operate under the county unit system all bridges and culverts shall be built by the county." (Laws 1919, ch. 98, § 3.)

The usual rule of construction is that language of an earlier statute which is preserved in an amendment is deemed to speak as of the time of the original enactment, and not of the later one. This follows from the statutory rule that "the provisions of any statute, so far as they are the same as those of any prior statute, shall be construed as a continuation of such provisions, and not as a new enactment." (Gen. Stat. 1915, § 10973, subdiv. 1.) It is true that in exceptional cases—where "such construction would be inconsistent with the manifest intent of the legislature or repugnant to the context of the statute" (Gen. Stat. 1915, § 10973)—a different rule is applied (*Railway Co. v. Fuller*, 105 Kan. 608, 610, 186 Pac. 127), but we see no reason for departing from the usual interpretation here. Section 4 of the act of 1917 did not apply to bridges built at county expense, special provision for such bridges being made by section 7. The amendment to section 4, so far as it related in any way to repairs as distinguished from construction, merely raised the limit of costs to be borne by the township from $300 to $600; it did not change the class of bridges to which the section applied. The original section had no application to bridges built by the county, although on a township road, and the amended section is not to be construed as enlarging its scope in that regard. It may be remarked that the language of the original section has now been restored (Laws 1921, ch. 85, § 1) but this is not important in the present case as the repairs in question were made before the restoration.

The reënactment of a section of the statute incidental to its amendment in one respect does not give to the portion which is unchanged the effect of a new enactment so as to constitute later legislation than statutes existing at the time of the amendment and thereby effect their repeal by implication. (*The State v. Kansas City*, 83 Kan. 431, 111 Pac. 493; *Wilson v. Edwards County*, 85 Kan. 422, 425, 116 Pac. 614.)

The judgment is affirmed.