No. 25,629.

THE STATE OF KANSAS, *ex rel.* J. H. BRADY, as County Counselor of WYANDOTTE COUNTY, *Plaintiff,* v. FRANK J. RYAN, as Secretary of State, *Defendant.*

SYLLABUS BY THE COURT.

MANDAMUS—*Distribution of Copies of the Revised Statutes of 1923—Parties Entitled to Free Copies.* The duties of the secretary of state with reference to the distribution of copies of the Revised Statutes of 1923 are determined by the statute relating specifically to that matter and are not enlarged by the general provision of an earlier act to the effect that the state is to furnish to the several divisions of the district court in certain counties copies of session laws and general statutes thereafter published.

Original proceeding in mandamus. Opinion filed May 10, 1924. Writ denied.

*J. H. Brady,* and *T. F. Railsback,* both of Kansas City, for the plaintiff.

*Charles B. Griffith,* attorney-general, and *Donald W. Stewart,* assistant attorney-general, for the defendant.

The opinion of the court was delivered by

Mason, J.: The state on the relation of the county counselor of Wyandotte county seeks by mandamus to require the secretary of state to deliver to each of the three divisions of the district court of that county a copy of the Revised Statutes of 1923. The statute concerning the maintenance of such divisions, which was passed in 1920 and amended in 1921, the amendment making no change which is here material, contains these provisions:

"The board of county commissioners' . . . shall procure and furnish for each division not already supplied therewith, a complete set of supreme court reports of the state including reports of the Kansas court of appeals; General Statutes and Session Laws of the state which have been published to be furnished by the state without expense; and the state shall thereafter furnish each division with a copy of all Kansas reports, Session Laws, and General Statutes which may be published from time to time." (R. S. 20-510.)

The statute relating to the distribution of the Revised Statutes of 1923, being an amendment of a similar section passed in 1921, reads:

"The secretary of state is hereby instructed to dispose of said statutes immediately upon their being printed and delivered, as follows: *First,* he shall deposit one hundred copies thereof in the state library, for the purpose of exchanges, and after such exchanges have been made the balance of said one hundred copies to be retained in the state library for use therein, and the secretary of state shall retain one copy for use in his office. *Second,* he shall distribute one copy thereof to each member of the legislature and other state officers for use in their offices, and one copy to each justice of the supreme court and to the clerk thereof, one copy to each member of the commission to revise the General Statutes, one copy to each district judge, sixty copies to the law department of the state university for the purpose of exchanging with other states and territories, and all copies not so exchanged shall be kept in the library for the use of the faculty and students of the state university; and one copy shall be supplied to each of the other state educational, penal and charitable institutions, and five copies to the clerk of the district court of the United States for the state of Kansas; also four copies to each county clerk, one of which said county clerk shall deliver to the probate court, one to the clerk of the district court, one to the county attorney, and he shall retain one copy in his office for the use of the county commissioners. *Third,* the balance of said statutes, after such distribution, shall be safely kept by the secretary of state for sale at the price of twelve dollars per copy." (R. S. 77-115.)

The earlier act declares the state's policy to be to supply a copy of statutes thereafter published to each division of the court, but

14—116 Kan.

does not indicate the method or agency through which this result is to be accomplished. The later enactment enumerates in full detail all the persons and institutions that are to receive from the secretary of state copies of the Revised Statutes, naming the district judges, but not the courts or divisions. So far as there may be a conflict the later enactment relating specifically to the duties of the secretary of state in respect to the volumes here in question must prevail. The re-enactment in 1921 of the provision of the law of 1920 regarding the furnishing of books to the several court divisions, incidental to the amendment of the section in other respects, did not give it a new status with respect to the time of its origin. The part of the statute which remained unchanged is regarded as having been in force from 1920 (R. S. 77-201) and is subject to implied repeal by statutes of a later date. (*The State v. Kansas City,* 83 Kan. 431, 111 Pac. 493; *Wilson v. Edwards County,* 85 Kan. 422, 116 Pac. 614.) We are unable to say that the law imposes upon the secretary of state the obligation of furnishing copies of the Revised Statutes to the several divisions of the Wyandotte county district court. The statute relating to the maintenance of these divisions in the following provision seems to point out a way by which they may be obtained:

"Said board of county commissioners shall also furnish each division with such digests of the Kansas reports, citators and works of a like character as shall be determined by the judges of said court to be necessary and proper upon requisition of the judges of said court." (R. S. 20-510.)

The writ asked is refused.