No. 25,847.

WILLIAM G. BIRD, *Plaintiff*, v. WILLIAM BEGGS, County Clerk of Wyandotte County, *Defendant*.

SYLLABUS BY THE COURT.

MANDAMUS—*Nomination Papers and Declaration of Intention to be a Candidate for Office at the Primary Election Must Be Filed Not Later Than 12 o'Clock Noon, June 20, Prior to the Date Fixed for Such Primary Election.* In an action in mandamus to compel the county clerk to place a name on the primary election ballot, where the declaration of intention as a candidate was not filed until 2:30 p. m., June 20, 1924, *held:* (*a*) R. S. 25-205, requiring nomination papers to be filed not later than 12 o'clock noon, June 20, prior to such primary election, and R. S. 25-208, specifying that such declaration shall be filed at least forty days next preceding the date fixed for holding the primary election, are not in conflict; (*b*) the declaration was not filed in time to meet the requirements of the statute.

Original proceeding in mandamus. Opinion filed July 9, 1924. Writ denied.

*A. J. Herrod,* of Kansas City, for the plaintiff.

*J. H. Brady,* of Kansas City, for the defendant.

The opinion of the court was delivered by

HOPKINS, J.: This is an original proceeding in mandamus brought to compel the defendant, as county clerk of Wyandotte county, to place plaintiff's name on the primary election ballot as a candidate for county assessor.

The plaintiff filed his declaration of intention as a candidate for county assessor with the county clerk on June 20, 1924, at 2:30 p. m. The declaration was accompanied by the requisite fee. The single question presented for consideration is whether plaintiff's

declaration was filed in time. Two sections of the Revised Statutes are involved in the controversy. Both were part of the original primary law and both amended by the 1923 revision. Section 4176 of the General Statutes of 1915 required that such declarations be filed not less than forty days prior to the primary election. This section was changed by the 1923 revision so that it now reads, in part:

"The names of candidates shall be printed upon the official primary ticket when each shall have qualified to become a candidate in one or the other of the following-described methods and none other: First, they shall have had filed in their behalf, not later than twelve o'clock noon, June twentieth, prior to such primary election, or if such date falls on Sunday, then before twelve o'clock noon the following day, nomination papers, commonly called nomination petitions, as provided for in this act." (R. S. 25-205.)

The other provision, and the one on which the plaintiff relies, reads, in part:

"All nomination papers and declarations of candidates shall be filed as follows: . . . (2) for all county officers, subdistrict officers and county and precinct committeemen in the office of the county clerk. . . . All such declarations, except those of candidates for city offices, shall be filed at least forty days next preceding the date fixed for holding the primary election. (R. S. 25-208.)

The limitation of the old law that nomination papers be filed "not less than forty days prior to the primary election" was indefinite. Candidates and officials had difficulty in computing the time—whether it should be by excluding the first day and including the last (R. S. 60-3819), or whether forty full days should intervene between the day of filing and the day of the primary election. Then there was the question as to the end of the filing period on the last day—whether the candidate was required to file his declaration during business hours or had up until midnight of the last day. The filing official was without authority to make rules. The result was that trouble and confusion frequently arose. The legislature of 1923 remedied the indefiniteness by adopting the revision requiring that all nomination papers be filed "not later than 12 o'clock noon, June twentieth, prior to such primary election."

Where two provisions of a statute are in conflict with each other, the one which is the last expression of the legislative will prevails. (*City of Arkansas City v. Turner*, ante, p. 407; *State v. Ryan, Secretary of State*, 116 Kan. 208, 225 Pac. 1043.) It cannot be said here, however, that the two provisions are in conflict: the one requires that such nomination papers shall be filed not less than forty days

before the primary; the other, that they shall be filed not later than 12 o'clock noon, June 20, preceding the primary. It was the intention of the legislature to limit the filing of nomination papers to not later than 12 o'clock noon, June 20, prior to such primary election. The plaintiff's declaration was not filed in time to meet the requirements of the statute and is therefore a nullity.

The writ will be denied.