No. 29,266.

CITY OF MANHATTAN, *Plaintiff*, v. THE UNITED POWER AND LIGHT CORPORATION, *Defendant*.

(283 Pac. 919.)

Opinion filed January 11, 1930.

*Charles Hughes*, of Manhattan, for the plaintiff.

*Thomas F. Doran, Clayton E. Kline, Harry W. Colmery* and *M. F. Cosgrove*, all of Topeka, for the defendant.

The opinion of the court was delivered by

HUTCHISON, J.: This is an original proceeding in quo warranto under the declaratory judgment act brought by the city of Manhattan against the United Power and Light Corporation, which involves the validity of a city ordinance passed by the plaintiff city providing for the grant of an electric franchise to the defendant company. The defendant is now operating under the ordinance in question, which the city claims is invalid, null and void. The issues are completely framed by the pleadings, which contain the necessary facts for the determination of those issues, and plainly show the existence of an actual controversy properly determinable under the declaratory judgment act.

The plaintiff is a city of the second class operating under the

commission form of government. The defendant is a company engaged in furnishing electrical current for light and power purposes, as its name indicates. It has for some years been furnishing the plaintiff and its inhabitants with electricity under the assignment of a franchise granted many years ago, which expired a few months before the ordinance in question was passed, and is continuing to do so upon the strength of the ordinance passed under the provisions of chapter 104 of the Laws of 1927, by a vote of a majority of the commissioners in July, 1929.

The plaintiff claims that the ordinance is void because it violates the express provisions of R. S. 14-1701 requiring its approval by a majority of the voters of the city, and also because any ordinance initiated by petition and passed by the city commissioners in accordance with the provisions of chapter 104 of the Laws of 1927 is subject to the restrictions of R. S. 14-1802, whereby upon a proper petition within ten days the ordinance is suspended from going into operation until submitted to a vote of the electors of the city.

This ordinance was initiated by a petition of at least 40 per cent of the electors of the city and passed by the city commissioners the same day the petition was presented. Seven days thereafter a petition signed by more than 25 per cent of the voters of the city was presented protesting against the passage of the ordinance and requesting that it be submitted to the voters of the city for approval or rejection under the provision of R. S. 14-1802. The commissioners granted the request and called a special election for September 3, 1929, at which time the ordinance was defeated by a vote of 1,333 to 967. There is no question here as to canvass of the vote or the requisite number of legal signers to either of the petitions.

The only questions involved are: (1) Is the franchise ordinance void because it is in violation of the provisions of R. S. 14-1701? and (2) Is an ordinance initiated by petition and passed by the commissioners under R. S. 14-1801 restricted by the provisions of R. S. 14-1802?

Defendant contends that chapter 104 of the Laws of 1927 is complete in itself and provides for the initiation of an ordinance by a petition signed by at least 40 per cent of the voters, which is only 10 per cent short of a majority of the electors, and when presented can be either passed by the commissioners or submitted to the voters at a general or special election, and is just as binding when passed by the commissioners as it would be if carried at an

election. It is further urged that chapter 104 is a later enactment than R. S. 14-1701 and impliedly dispenses with the requirements of the older statute when it provides, as it does, for the passage of "any proposed ordinance" either of the two ways when initiated by such a petition. Defendant calls our attention to the case of *Duggan v. Emporia,* 84 Kan. 429, 114 Pac. 235, and the reference in the opinion to the two methods of passing ordinances as provided in the act, of which chapter 104 is an amendment. That was an action to enjoin the calling and holding of an election under this section. The record in that case shows there was no attempt whatever by the city commissioners to pass the ordinance, but they took the other alternative under the statute and called an election, so that decision cannot be regarded as authority for the commissioners to pass a franchise ordinance without a vote of the people. Another case cited for the same purpose is *State, ex rel., v. Electric Power Co.,* 116 Kan. 70, 226 Pac. 254, where a franchise ordinance was upheld that was passed by the city commissioners under another franchise statute, viz., R. S. 12-824, which provided:

"That such franchise shall not be granted until notice of the proposition to grant the same has been given for twenty days by publication in some newspaper in general circulation in such city, and if within said twenty days 10 per cent of the legal electors petition such city authorities to submit the same to a vote of the electors of the city, such city authorities shall submit said franchise proposition to a vote of the people before such franchise be granted and be governed by result of such vote."

The commissioners found that the petition presented did not contain 10 per cent of the legal electors of the city, and therefore passed the ordinance as they, under the provisions of that statute, had a right to do, and it was not contended that the restrictions of any other statute applied.

The decision in the case of *State, ex rel., v. City of Pratt,* 92 Kan. 247, 139 Pac. 1191, was based upon a clause in the original section which is now chapter 104, with reference to a petition of not less than 10 per cent nor more than 25 per cent of the electors, which is not now in the statute and therefore cannot assist greatly in the question before us except to show that it was there held to be the duty of the city commissioners under such original section to either pass the ordinance or call an election. This case did not involve a franchise ordinance, but concerned the voting of bonds for the city to build an electric light plant.

We are not persuaded by any of these decisions that city com-

missioners are authorized to pass an ordinance granting a franchise without a vote of the electors, even with the initiation of a petition containing the names of 40 per cent of the electors, in disregard of the requirements of R. S. 14-1701, which is all devoted to the granting of franchises by cities of the second class under the commission form of government, a portion of which section is as follows:

"No such right, privilege or franchise shall ever be granted until the same is approved by a majority of the electors of such cities voting thereon at a general or special election called for the purpose by the mayor."

This is section 30 of chapter 82 of the Laws of 1909, and it is suggested it should yield to the control of the later enactment of chapter 104 of the Laws of 1927, which makes no exception for the provisions of this section or for franchises in particular. The history of these two sections will help to determine this matter. Chapter 82 of the Laws of 1909 consisted of thirty-eight sections, outlining and authorizing the commission form of government for cities of the second class. Section 30 prescribed the requirements for the granting of franchises. Section 31 outlined the initiative plan of passing ordinances in such cities by petition and section 32 gave the plan of referendum. Sections 30 and 32 have not been changed since their passage in 1909, but section 31, the initiative section, has been amended twice, first by chapter 99 of the Laws of 1925, wherein the clause above referred to about a petition of not less than 10 per cent and not more than 25 per cent was eliminated, and the section was extended to apply to cities of all classes and of either form of government, with no other change. Chapter 104 of the Laws of 1927 is identical with the enactment of 1925, except the following concluding addition:

"*Provided, however,* That none of the provisions of this act shall apply to any public improvement to be paid for wholly or partially by the levy of special assessments."

In the original act of 1909 with section 31 immediately following the franchise section it could scarcely be contended that it was the intention of the legislature to wholly ignore the last preceding section and its restrictions with reference to the granting of franchises, and yet the original referred to "any proposed ordinance" as the amendment does now, and for cities of the second class under the commission form of government was just as complete in itself then as now. The amendment adds nothing to its efficiency or completeness. The fact that it is an amendment extending its provisions to cities

of the other classes and of the other form of government does not justify or intimate a conclusion that it is to be segregated from its original connection, association and combination with the other sections of the chapter in which it was originally enacted. The argument would be forceful if made to apply to cities of the first or third class, which were not included in the original act, or to cities of the second class under the old form of government. The rule for construing statutes is to consider all the sections together, even if some of the sections have been amended, unless there is something in the amendment to plainly indicate that the amended part was intended to repeal or modify something in the remaining sections.

"The repeal of a statute does not revive a statute previously repealed, nor does such repeal affect any right which accrued, any duty imposed, any penalty incurred, nor any proceeding commenced, under or by virtue of the statute repealed. The provisions of any statute, so far as they are the same as those of any prior statute, shall be construed as a continuation of such provisions, and not as a new enactment." (R. S. 77-201.)

See, also, *Franklin Township v. County Treasurer*, 112 Kan. 11, 13, 209 Pac. 976; and *Fuller v. Atchison, T. & S. F. Rly. Co.*, 124 Kan. 66, 72, 257 Pac. 971.

We cannot concur in the thought that it was the intention of the legislature to provide otherwise than under the requirements of the franchise section, when the ordinance was initiated by petition, and we therefore conclude that chapter 104 of the Laws of 1927 is not complete itself and does not impliedly repeal or dispense with the requirements of the franchise section, and that the ordinance in question is void because it violates the express provisions of R. S. 14-1701. Having reached this conclusion, it will be unnecessary to consider the second proposition submitted.

For the reasons given, the judgment of the court is declared to be that the ordinance in question is void and that the defendant has no legal rights or authority under it.

JOCHEMS, J., not participating.