No. 32,863

MATILDA BINGER, *Appellant,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SHAWNEE, *Appellee.*

(59 P. 2d 24)

Opinion filed July 3, 1936.

*Oscar Raines, Ralph F. Glenn, Wendell B. Garlinghouse* and *Ivah Raines Glenn,* all of Topeka, for the appellant.

*Lester M. Goodell,* county attorney, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action to determine the annual salary of the clerk of the district court of Shawnee county, which has a population of more than 85,000 and less than 90,000. Plaintiff contends the salary is $3,250 under R. S. 28-202. Defendant contends it is $3,000 under R. S. 28-117 as amended by chapter 166 of the Laws of 1925. The legal question presented is, Which of these statutes applies? The trial court held for defendant. Plaintiff has appealed.

All the sections of our Revised Statutes of 1923 (except the specific sections which were enacted by the legislative session of 1923) were enacted in one act of the legislature (Laws 1923, ch. 144). (See *State, ex rel., v. Davis, Governor,* 116 Kan. 211, 225 Pac. 1024; 116 Kan. 663, 229 Pac. 757; *State v. Freeman,* 143 Kan. 315, 318,

55 P. 2d 362.) In our Revised Statutes of 1923 there are two sections (R. S. 28-117; 28-202), each of which fixes the salary of the clerk of the district court in a county having the population of Shawnee, and they are in conflict. When that is the situation we look to the history of the statute (*State v. Blaser,* 138 Kan. 447, 454, 26 P. 2d 593) to see which is the later in time of previous enactment (*Arkansas City v. Turner, State Auditor,* 116 Kan. 407, 226 Pac. 1009). Examining these conflicting sections for that purpose we find R. S. 28-117 was originally enacted in 1913 (Laws 1913, ch. 197, § 7) ; that it was amended by chapter 224 of the Laws of 1915; this by section 2 of chapter 193 of the Laws of 1917, and this by chapter 202 of the Laws of 1919; while R. S. 28-202 was enacted in 1921 (Laws 1921, ch. 188). Therefore R. S. 28-202, being the later of the two statutes prior to our revision in 1923, was the controlling statute of the two conflicting ones.

We now turn to see the effect of chapter 166 of the Laws of 1925 (R. S. 1933 Supp. 28-117). This act specifically amended and repealed R. S. 28-117. This is clear from its title, from section 1 of the act, and by the specific repealing clause. In doing this it followed our constitutional mandate (§ 16, art. 2) respecting an act amending a previous statute. It did not refer in any way to R. S. 28-202, or attempt to amend it in any respect, or to repeal it. Therefore R. S. 28-202 remains unamended and unaffected by chapter 166 of the Laws of 1925. The result is that the annual salary of the clerk of the district court of Shawnee county is $3,250.

Another line of reasoning reaches the same result. Generally when one section of a statute has been superseded in part by a later statute the amendment of the earlier statute in the respect in which it does not affect the later one does not have the effect of repealing or superseding the later one. (*State v. Kansas City,* 83 Kan. 431, 111 Pac. 493; *Bailey v. Turner,* 108 Kan. 856, 858, 197 Pac. 214; *Franklin Township v. County Treasurer,* 112 Kan. 11, 13, 209 Pac. 976; *State, ex rel., v. Ryan, Secretary of State,* 116 Kan. 208, 210, 225 Pac. 1043.)

The judgment of the court below is reversed with directions to enter judgment for plaintiff.