181 So. 122

### SMITH v. CITY COMMISSION OF BIRMINGHAM et al.

### 6 Div. 294.

Supreme Court of Alabama.

April 21, 1938.

Rehearing Denied May 19, 1938.

F. D. McArthur, of Birmingham, for appellant.

W. J. Wynn and John S. Foster, both of Birmingham, for appellees.

ANDERSON, Chief Justice.

It was admitted that the appellant, Dr. Greene Smith, was appointed to the office or position of City Physician; that he served in that position for a number of years and was so serving when the Civil Service Act of 1935, page 691, was adopted; that he discharged all duties required of him by the City Commission, but also maintained an office and engaged in the private practice, but which did not interfere with his official duties.

The main, if not sole, question presented for decision is whether or not the appellant, being what is termed a "part-time" official or employee, came within the terms of section 27 of the Civil Service Act of 1935, pages 691, 707, so as to prevent his discharge except for cause and in the manner therein prescribed.

Section 27 provides that: "The tenure of every person holding office under the provisions of this Act shall be during good behavior," but any such person may be removed when good cause is shown, and further provides for the method of preferring and hearing charges. The method prescribed was not pursued and the appellant was peremptorily discharged for the sole reason that he only rendered part of his time to the service as health officer to the city and, that such being the case, he was not protected by said section 27 of the act.

The act, as we read it, is plain and unambiguous, and the tenure of office by section 27 includes "every person holding office under the provisions of this Act." It makes no distinction between full and part time officials or employees and, in no wise, excepts one who renders part of his time to the discharge of the duties required of him, and the record discloses that the appellant did discharge all of the duties required or belonging to the position held by him.

True, the appellant was appointed City Physician some time before the act in question was adopted, but he was holding said position and had done so a sufficient length of time as to continue to hold under section 16 of the act, page 704, and was therefore holding the position under this act when discharged.

The opinion of the trial court proceeded upon the theory that the act had been previously construed by the "Personnel Board" as not applicable to attorneys who gave part time service to the city, and that this construction had been, in effect, acquiesced in by the special session of the legislature which convened shortly after said ruling by the Personnel Board, and no change was made in the act, relying largely upon section 474 of Sutherland on Statutory Construction, and other authorities, to the

effect that weight should be given to the interpretation of statutes of doubtful meaning made by the authorities charged with the execution of same and so operating thereunder for a long period. We do not question this rule, but here the statute is not of doubtful meaning as section 27 applies to all persons "holding office under the provisions of this Act." Moreover, the ruling of the Personnel Board was so shortly before the discharge of the appellant as not to render it such an old and continuous ruling as to create a presumption in favor of said construction of the statute.

The decree of the circuit court is reversed and the order dismissing the appellant is set aside, and one is here rendered reinstating the said Dr. Greene Smith.

Reversed and rendered.

THOMAS, BROWN, and KNIGHT, JJ., concur.