SCHOOL COMMITTEE OF CAMBRIDGE *vs.* SUPERINTENDENT OF SCHOOLS OF CAMBRIDGE
(and a companion case [1]).

Middlesex.    October 10, 1946. — December 4, 1946.

Present: FIELD, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Declaratory Judgment. Equity Jurisdiction,* Declaratory relief. *Words,* "Actual controversy."

A bill in equity seeking a declaratory decree under G. L. (Ter. Ed.) c. 231A, inserted by St. 1945, c. 582, § 1, is sufficient if it sets forth a real dispute caused by the assertion by one party of a legal relation, status or right in which he has a definite interest, and the denial of such assertion by another party also having a definite interest in the subject matter, where the circumstances attending the dispute plainly indicate that unless the matter is adjusted such antagonistic claims will almost immediately and inevitably lead to litigation. Per RONAN J.

Averments in a bill in equity by a school committee against persons, whom the committee had elected respectively as superintendent and as assistant superintendent of schools after they had served for the three previous consecutive school years as assistant superintendent of schools and as a head master, respectively, that a controversy existed between the committee and the defendants as to whether upon their election they became employed to serve at discretion under G. L. (Ter. Ed.) c. 71, § 41, or whether they must subsequently be elected

---

[1] The companion case is by the same plaintiffs against the assistant superintendent of schools of Cambridge.

respectively as superintendent and as assistant superintendent for three consecutive school years before they would be entitled to serve at discretion, disclosed the existence of an "actual controversy" within § 1 of c. 231A, inserted by St. 1945, c. 582, § 1, which should be terminated by a decree declaring the rights of the parties.

Two BILLS IN EQUITY, filed in the Superior Court on March 4, 1946.

Demurrers of the defendants were heard and sustained by *Baker*, J., who reported the cases.

*J. A. Daly*, City Solicitor, for the plaintiffs.

*H. R. Donaghue*, for the defendants.

RONAN, J. These are two bills in equity filed by the school committee of Cambridge, who on January 15, 1945, elected Tobin, the defendant in the first suit, and Harrington, the defendant in the second suit, the superintendent and the assistant superintendent, respectively, of the schools of that city. It is alleged that Tobin, prior to his election, had served for more than three previous consecutive school years as assistant superintendent, and that Harrington, at the time of his election, had served for more than three such years as head master of one of the public schools of Cambridge. The bills alleged that doubt and a controversy exist as to whether each defendant upon his election, by virtue of G. L. (Ter. Ed.) c. 71, § 41, became employed to serve at the discretion of the committee or whether he must be subsequently elected for three successive school years to the position to which he was elected on January 15, 1945, before he is entitled to serve at the discretion of the committee. Each defendant, it is alleged, contends that he is now holding his respective position at the discretion of the committee as provided for by said § 41. The plaintiffs aver that they "do not admit such contention and dispute the interpretation of the law as contended for by the defendant." The plaintiffs seek declaratory judgments under G. L. (Ter. Ed.) c. 231A, as inserted by St. 1945, c. 582, § 1, adjudging the tenure of office of the defendants. After sustaining the demurrers of the defendants, the judge reported the suits to this court.

The question raised by each of the demurrers is whether

the bill discloses the existence of an actual controversy within the meaning of c. 231A, § 1, of such a nature that it can and should be terminated by a decree declaring the rights of the parties, or whether the allegations contained in the bill go no farther than to disclose a mere difference of opinion between the parties and an attempt on the part of the plaintiffs to secure an advisory opinion which will serve them as a guide to future action.

An "actual controversy," as those words are employed in c. 231A, is not limited to instances where the rights of one party have been impaired or damaged by the act of another. One of the benefits of the declaratory procedure is that it does not require one to incur the risk of violating some term of a contract or of invading some right of the other, even if done in good faith, before he may have relief. Indeed, our act provides that one may seek a declaratory judgment or decree "either before or after a breach or violation thereof has occurred in any case in which an actual controversy has arisen." G. L. (Ter. Ed.) c. 231A, § 1. We think a pleading is sufficient if it sets forth a real dispute caused by the assertion by one party of a legal relation, status or right in which he has a definite interest, and the denial of such assertion by another party also having a definite interest in the subject matter, where the circumstances attending the dispute plainly indicate that unless the matter is adjusted such antagonistic claims will almost immediately and inevitably lead to litigation. *United States Galvanizing & Plating Equipment Corp.* v. *Hanson-Van Winckle-Munning Co.* 104 Fed. (2d) 856. *Creamery Package Manuf. Co.* v. *Cherry-Burrell Corp.* 115 Fed. (2d) 980. *Scott* v. *Alabama State Bridge Corp.* 233 Ala. 12. *State* v. *General American Life Ins. Co.* 132 Neb. 520. *Union Trust Co.* v. *Simpson,* 160 Misc. (N. Y.) 836. *Capital Bank & Trust Company's petition,* 336 Penn. St. 108. *Acme Finance Co.* v. *Huse,* 192 Wash. 96.

The situation disclosed by the bills is that the two top ranking members of the school system are claiming that they hold their present positions at the discretion of the committee, a claim that is denied by the plaintiffs. While it is

true that the plaintiffs do not in terms aver that they contend that subsequent reëlections will be necessary before the defendants acquire the status they now claim, their denial would seem to be equivalent to such a contention. In other words, the claims of the defendants are not recognized by the plaintiffs. Although it does not appear that either the plaintiffs or the defendants have taken any steps to enforce their respective claims, yet the pending situation cannot long endure. Its existence is inconsistent with the orderly and proper administration of the public school system. The plaintiffs alone have the duty and obligation to contract with teachers and to fix the terms of their contracts in accordance with G. L. (Ter. Ed.) c. 71, § 41. They may elect a teacher upon a yearly basis, *Pulvino* v. *Yarmouth,* 286 Mass. 21, *Callahan* v. *Woburn,* 306 Mass. 265; and although they may after one school year of service elect a teacher to serve at the discretion of the committee, they must elect a teacher to serve at their discretion after he has already served for three consecutive full school years. *Paquette* v. *Fall River,* 278 Mass. 172. *Frye* v. *School Committee of Leicester,* 300 Mass. 537. *Nester* v. *School Committee of Fall River,* 318 Mass. 538. The committee, in order to get an adjudication of the legal status or the contractual rights of the defendants, ought not to be compelled to take some definite action, such as stopping the payment of compensation, or proceeding to an election to the positions now held by the defendants, or adopting any similar course which will involve the city in litigation with the consequential delay and expense. The plaintiffs have a present duty to determine whether the contracts of employment made on January 15, 1945, have expired, or whether the defendants are entitled to occupy their positions at the discretion of the committee. The defendants, on the other hand, are entitled to continuance in employment for the term for which they were elected, and occupancy for such term is valuable to them as a means of support and as a matter of reputation. *Stiles* v. *Municipal Council of Lowell,* 233 Mass. 174, 182.

The dispute here is centered upon the tenure of office of the defendants. The answer to that dispute depends upon

the interpretation of G. L. (Ter. Ed.) c. 71, § 41, applied to the facts alleged in the bills. It does not depend on any future events or contingencies. The plaintiffs invoke the aid of the court in order to determine whether the contracts of employment made with the defendants include tenure at the discretion of the committee. The determination of contractual rights has been a frequent subject of declaratory proceedings. *Marcelle, Inc.* v. *Sol. & S. Marcus Co.* 274 Mass. 469. *Standard Sanitary Manuf. Co.* v. *Hartfield Realty Co.* 284 Mass. 540. *Callahan* v. *Broadway National Bank,* 286 Mass. 473. *Friedman* v. *S. S. Kresge Co.* 290 Mass. 114. *Mutual Paper Co.* v. *Hoague-Sprague Corp.* 297 Mass. 294. *Radio Corp. of America* v. *Raytheon Manuf. Co.* 300 Mass. 113. *R. H. Stearns Co.* v. *Anderson,* 304 Mass. 138. Tenure of public officers has likewise furnished the basis for a considerable amount of litigation. *Lattime* v. *Hunt,* 196 Mass. 261. *Logan* v. *Mayor & Aldermen of Lawrence,* 201 Mass. 506. *Barnes* v. *Mayor of Chicopee,* 213 Mass. 1. *MacBrayne* v. *City Council of Lowell,* 241 Mass. 380. *Reynolds* v. *McDermott,* 264 Mass. 158. *Dodsworth* v. *Mayor of Medford,* 308 Mass. 62. *Bell* v. *Treasurer of Cambridge,* 310 Mass. 484. *Lawrence* v. *Commissioners of Public Works,* 318 Mass. 520.

Each of the bills, we think, sets forth a controversy and seeks not merely advice but a declaratory decree adjudicating the tenure of each defendant in the position to which he was elected, which will settle a matter of public interest and terminate the controversy. It follows that the interlocutory decrees sustaining the demurrers are reversed and decrees overruling them are to be entered. *Smith* v. *City Commission of Birmingham,* 236 Ala. 114. *Marion County* v. *Middleton,* 246 Ala. 464. *Yale University* v. *New Haven,* 104 Conn. 610. *Robinson* v. *Moser,* 203 Ind. 66. *Enmeier* v. *Blaize,* 203 Ind. 475. *Manhattan* v. *United Power & Light Corp.* 129 Kans. 592. *Sherrard* v. *Jefferson County Board of Education,* 294 Ky. 469. *Breedsville* v. *Columbia,* 312 Mich. 47. *Craig* v. *Commissioners of Sinking Fund of New York,* 208 App. Div. (N. Y.) 412. *Wingate* v. *Flynn,* 139 Misc. (N. Y.) 779, affirmed 256 N. Y. 690. *Hughes* v. *Board of Education*

*of New York,* 249 App. Div. (N. Y.) 158. *Cabell* v. *Cottage Grove,* 170 Ore. 256. *New Castle School District* v. *Travers,* 353 Penn. St. 261. *Mainella* v. *Trustees of Policemen's Pension or Relief Fund of Fairmont,* 126 W. Va. 183.

*So ordered.*